UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-81755-Civ-Smith/Matthewman

ADAM LUDWIN, et al.,

    Plaintiffs,

vs.

MATTHEW PROMAN,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DEPOSITION RESPONSES, FOR ADDITIONAL MISCELLANEOUS RELIEF AND FOR SANCTIONS [DE 64]

THIS CAUSE is before the Court upon Plaintiffs' Motion to Compel Deposition Responses, For Additional Miscellaneous Relief And For Sanctions ("Motion") [DE 64]. Upon careful review of the Motion, the Court expedited briefing and set the Motion for a hearing. [DE 65]. Pursuant to the Court's Order [DE 65], Defendant filed a response in opposition [DE 68], and Plaintiffs submitted the video deposition at issue via email to the Court and filed a Notice of having done so in the record [DE 66]. No reply was permitted. The Court held a hearing via Zoom Video Teleconference ("VTC") on October 7, 2021, and at the conclusion of the October 7, 2021 hearing, the Court announced its oral rulings. This written Order follows.

    **I.**    **The Outrageous Behavior Of Defendant Matthew Proman At The September 15, 2021 Zoom VTC Deposition**

"Because depositions typically occur extra-judicially, the participants in a deposition . . . are entrusted with the responsibility of conducting depositions efficiently, orderly, and courteously." *Mitnor Corp. v. Club Condominiums*, 5:20-CV-125-TKW/MJF, 2021 WL 3855819, at *2 (N.D. Fla. Aug. 11, 2021) (citation and quotation omitted). "For the process to succeed, it is

essential that the parties, attorneys, and witnesses participating in depositions conduct themselves with civility and decency." *Id.* (citation and quotation omitted).

The Undersigned United States Magistrate Judge is a strong proponent of remote depositions and the use of modern technology to make the litigation process less expensive and more efficient for the parties. When remote depositions are used properly and professionally, they undoubtedly serve the purpose of Rule 1 of the Federal Rules of Civil Procedure, that is, "to secure the just, speedy, and inexpensive determination of every action and proceeding." In the great majority of cases, remote depositions are cost efficient, professional, productive, and effective. This, unfortunately, is not one of those cases.

In light of the allegations made by Plaintiffs in their Motion [DE 64] regarding alleged deposition misconduct by Defendant Matthew Proman, the Court ordered that the video of Defendant Proman's VTC deposition be submitted to the Court via email for review. Upon careful review, I have never seen such an improper, inappropriate, and disrespectful display put on during a deposition as occurred in this case. As thoroughly explained on the record during the October 7, 2021 hearing, the Court is utterly astounded by the improper behavior of Defendant Proman during Defendant Proman's VTC deposition on September 15, 2021.

## II. A Brief Description Of Defendant Proman's Improper Behavior At His September 15, 2021 VTC Deposition

Defendant Proman was combative and confrontational during his deposition. At times he was smirking, cursing, and yelling at Plaintiffs' counsel, Mr. Ludwin, and even at his own counsel, Mr. Zelin. Defendant Proman was politely asked to correctly position his camera so that he could properly appear at the VTC deposition and he flippantly refused to do so. Instead, his camera position showed Defendant Proman from a low angle giving a primary view of his neck and the underside of his chin, which prevented him from being properly viewed head-on at eye level. He

was standing and moving around during the deposition. Defendant Proman also left the view of the camera many times. He could be seen walking around while carrying his camera, disrupting the deposition and causing distraction. He improperly threatened to leave the deposition, at one point saying, "move on or I'll drop off." Defendant Proman was also evasive, combative, and not credible when asked questions regarding whether there was anyone else in the room with him. When asked if anyone was in the room with him, he said it was "none of your business" to Plaintiffs' counsel. Much of this improper behavior occurred within the first six minutes or so of the deposition.

As the deposition progressed, Defendant Proman's behavior only got worse. Defendant Proman used his voice activated remote control to turn on his television and change the channel. He can be seen watching television during the deposition and he made a point of using his remote control in view of the camera to adjust the television or change channels. He walked away from the camera and appeared to go outside, and he refused to mitigate noise disruptions. At one point, Defendant Proman stated to Mr. Ludwin that he's "going to take a leak. Do you want to come to the bathroom with me? Is that what you want to do?" At another point, Defendant Proman starts cooking pasta during the deposition. Defendant Proman was also drinking what appeared to be wine, and he tipped his glass and said "cheers" into the camera. He often made a point of picking up and drinking from his cup in an exaggerated fashion on the video screen. Mr. Ludwin properly and with sufficient basis asked what Defendant Proman was drinking and Defendant Proman said, "it's none of your fucking business what I'm drinking and what I'm eating." At one point, Defendant Proman called Mr. Ludwin a "prick." Defendant Proman said, "I'm done, I'm dropping off" despite having no authority or basis to terminate the deposition. These examples are just a

taste of the totality of Defendant Proman's inappropriate behavior during his deposition.[1] Throughout the deposition, Defendant Proman acted like a spoiled, entitled child who was thumbing his nose at the deposition process, and thus, at the Court.

In addition, Defendant Proman asserted his Fifth Amendment privilege to nearly every single question posed to him. He cavalierly invoked the Fifth Amendment to certain questions to which he had no good faith basis to do so, including whether he was watching television and whether he was cooking. Such assertions are nonsense. The Court notes that Defendant Proman has been criminally charged with felony offenses in the Superior Court of the State of California for the County of Los Angeles. There, an individual Plaintiff in this civil case, Mr. Ludwin, is the victim in the criminal matter, and the Defendant in that criminal matter is Defendant Proman in the instant civil case. There appears to be significant overlap in the facts alleged in the pending civil matter in this district and the pending criminal matter in California state court. As such, there are likely good faith grounds for Defendant Proman to invoke his Fifth Amendment privilege against self-incrimination as to certain questions posed to him during his deposition. This is typically done in a professional, ethical manner during a deposition. However, Defendant Proman's improper, disruptive, and contemptuous behavior made any semblance of a deposition impossible. In effect, Defendant Proman commandeered his deposition and turned it into a train wreck.

Accordingly, the Court has taken prompt action to address Defendant Proman's improper and obstructionist behavior, and to protect the dignity of the Court and the deposition process. The

---

[1] The true tenor of Defendant Proman's arrogant and contemptuous behavior is not truly understood until the video of the deposition is viewed. Therefore, the Court has directed Plaintiffs' counsel to conventionally file a DVD of the entirety of the videotaped deposition on the docket in this case so that the record is crystal clear in the event of any appellate review. A transcript of the deposition has previously been filed by Plaintiffs [DE 64-2], which the Court has thoroughly reviewed.

Court shall ensure that a proper and professional deposition occurs in this case despite Defendant Proman's churlish antics during his September 15, 2021 deposition. Plaintiffs are entitled to pursue this civil case and they are entitled to take a discovery deposition of Defendant Proman. Moreover, Defendant Proman and his counsel, Mr. Zelin, are required to abide by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of Florida, Court orders, and any governing law applicable to this case, the parties, and counsel. The Court fully intends to make sure that a proper deposition occurs in this case forthwith.[2]

### III.  The Court Is Imposing Sanctions Against Defendant Proman

As discussed below, and as explained in detail at the October 7, 2021 hearing, the Court is ordering a supervised second deposition of Defendant Proman and monetary sanctions against him.

The Court finds that Defendant Proman's behavior during his September 15, 2021 deposition was abhorrent, contemptuous, frivolous and "frustrated the fair examination of the deponent", justifying appropriate sanctions against Defendant Proman pursuant to Federal Rule of Civil Procedure 30(d)(2). *See, e.g.*, *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 193–94 (E.D. Pa. 2008) (with similar conduct to that of Defendant Proman, the court ordered sanctions on party-deponent pursuant to Rule 30(d)(2) when the record was "replete with evidence that [party-deponent] willfully and in bad faith impeded, delayed, and frustrated his fair examination."). Accordingly, sanctions are issued pursuant to Rule 30(d)(2).

Additionally, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, the Court must "require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses

---

[2] The discovery cutoff date in this case is November 22, 2021 [DE 41] and therefore Defendant Proman's deposition must be reset promptly.

incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The record is clear that Defendant Proman continually failed to answer proper questions propounded at his deposition and evaded and obstructed the questioning. This is a direct violation of Rule 37(a)(3)(B)(i), and thus Plaintiffs' Motion will be granted in this regard as well. Defendant Proman's conduct necessitated the motion, his position was not substantially justified and there are no other circumstances which make an award of expenses unjust in this case. Fed. R. Civ. R. 37(a)(5)(A). Accordingly, sanctions are also issued in accordance with the Rules specified in this paragraph.

Moreover, the Court easily finds that Defendant Proman's conduct at the deposition constituted intentional, bad faith misconduct. Accordingly, sanctions are also due to be imposed upon Defendant Proman pursuant to the Court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (the Court has the inherent power to assess sanctions where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."). Therefore, sanctions are also issued based upon the Court's inherent power and authority.

As a result of his misconduct, Defendant Proman is **ORDERED** to sit for another deposition; he is to appear in person; and the deposition will take place in the United States Courthouse in West Palm Beach, as further described below. The Undersigned United States Magistrate Judge will preside over the deposition and will be available to rule on any objections or disputes during the deposition that are made by either side as to any issues that may arise. The parties and their counsel shall behave appropriately during the deposition or face further sanctions by this Court, including but not limited to the institution of contempt of Court proceedings.

IV.  **Conclusion**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion [DE 64] is **GRANTED IN PART and DENIED IN PART**.

2. The deposition of Defendant Matthew Proman shall be held on **Monday, November 8, 2021 at 10:00 a.m.** at the United States Courthouse 701 Clematis Street, Third Floor, Courtroom Six, West Palm Beach, Florida. Plaintiffs shall bring their own court reporter and videographer for use at the deposition. Plaintiffs shall have three hours, not including breaks, to complete the deposition. If that length of time proves to be insufficient, the Court will consider increasing the time of the deposition to the extent necessary to successfully complete the deposition. This deposition date shall not be changed absent the most compelling and urgent circumstances, supported by an appropriate motion, with documents and affidavits submitted under the penalty of perjury.[3]

3. Mr. Ludwin, Defendant Proman, and Defendant Proman's counsel, Mr. Zelin, **SHALL APPEAR IN PERSON** at the November 8, 2021 deposition. Mr. Zelin is also **ORDERED** to immediately provide a copy of this Order to Defendant Proman and explain to him the consequences of any violation of this Order.

---

[3] Based upon certain representations made by Defendant Proman's counsel at the conclusion of the October 7, 2021 hearing, the Court finds it necessary to be clear that if Defendant Proman alleges that he has contracted COVID-19 and that said diagnosis allegedly prevents him from attending his in-person deposition on November 8, 2021, proof of such shall be promptly filed with an appropriate motion. This proof shall include, **at a minimum**, medical records, doctors' reports, appropriate affidavit(s), a diagnosis and prognosis, test results, and a clear statement of why he cannot travel for his November 8, 2021 deposition and when he will be able to resume traveling. These documents may be filed under seal if a proper and sufficient motion is filed in compliance with Local Rule 5.4. Any concern over contracting COVID-19 can be mitigated by taking the widely available vaccine. Moreover, masks are required while in the courthouse, the courtroom used for the deposition is spacious and allows for social distancing, and all reasonable precautions will be taken to mitigate the risk of contracting COVID-19 during the in-person deposition.

4. Plaintiffs' request for attorney's fees and costs against Defendant Proman is **GRANTED.** Plaintiffs are entitled to **<u>reasonable</u>** attorney's fees and costs, to be paid by Defendant Proman, which were incurred by Plaintiffs in a) bringing the instant Motion; b) attending the hearing on this Motion; and c) attending the first deposition, which deposition was wholly frustrated by Defendant Proman. Further, Defendant Proman shall pay the costs for a court reporter and the videographer at the rescheduled deposition.

5. Having found entitlement to an award of attorney's fees and costs against Defendant Proman and in favor of Plaintiffs, by or before **November 15, 2021**, Plaintiffs shall file an appropriate Memorandum of Attorney's Fees and Costs addressing the reasonable attorney time incurred, the reasonable hourly rate, and any specific costs or expenses incurred as set forth above. Plaintiffs may support their claimed hourly rate and hours incurred by an Affidavit or Declaration. If Defendant has a good faith basis to oppose the amount of attorney's fees and costs claimed by Plaintiffs, a response shall be filed by Defendant by or before **November 22, 2021** and Plaintiffs may file a reply by or before **November 29, 2021**. The Court will thereafter determine the amount of the award of reasonable attorney's fees and costs to be paid by Defendant Proman to Plaintiffs and issue a further order thereon.

6. The Court is also troubled by the behavior of Defendant's counsel, Randy Zelin, Esq., during the September 15, 2021 deposition. Therefore, the Court reserves jurisdiction to address any potential sanctions, monetary or otherwise, which might be appropriate against Randy Zelin, Esq., who is appearing in this case *pro hac*

*vice*. If deemed appropriate upon further review, the Court will address this matter in a separate order to show cause to Mr. Zelin and allow him an opportunity to fully respond to the Court's concerns regarding his behavior during the deposition.

7. Plaintiffs **SHALL** conventionally file with the Clerk's Office the September 15, 2021 recording of the VTC deposition of Defendant Proman in its entirety by or before **October 18, 2021.** As stated in the Court's prior Order [DE 71], that filing shall consist of a Notice of Conventional filing and a DVD of the video deposition. The DVD shall be filed with the Clerk and not mailed directly to the Undersigned United States Magistrate Judge, and shall otherwise comply with Local Rule 5.1(a).

8. Mr. Zelin **SHALL** familiarize himself with this Court's local rules and must specifically read the Introductory Statement of the General Rules; Rule 11.1 of the General Rules; Rule 4(b) of the Rules Governing The Admission, Practice, Peer Review, And Discipline Of Attorneys; and Rule 14 of the Rules Governing The Admission, Practice, Peer Review, And Discipline Of Attorneys.

9. **Failure to comply with this Order may result in all sanctions authorized under the applicable rules and the inherent authority of this Court, including treating this matter as a contempt of Court. Moreover, a violation by Defendant Proman of this Court Order shall subject him to all sanctions available under Fed. R. Civ. P. 37(b)(2), including but not limited to the striking of his pleadings, and entry of a default judgment against him.**

10. **DEFENDANT MATTHEW PROMAN IS SPECIFICALLY ADVISED THAT HIS FAILURE TO APPEAR AS ORDERED AT HIS SCHEDULED DEPOSITION MAY RESULT IN FURTHER SANCTIONS AGAINST HIM,**

**A CONTEMPT OF COURT PROCEEDING, AND THE ISSUANCE OF A WARRANT FOR HIS ARREST.**

**DONE and ORDERED** in Chambers this 13th day of October, 2021, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
United States Magistrate Judge