UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-81755-Civ-Smith/Matthewman

ADAM LUDWIN, et al.,

    Plaintiffs,

vs.

MATTHEW PROMAN,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT MATTHEW PROMAN'S MOTION FOR A CONTINUANCE OF HIS APPEARANCE ON DECEMBER 8, 2021 [DE 100]

THIS CAUSE is before the Court upon Defendant Matthew Proman's Motion For A Continuance Of His Appearance On December 8, 2021. [DE 100]. Plaintiffs filed a response in opposition [DE 104], and Defendant replied [DE 108].

In the Court's prior Order, as a result of Defendant Matthew Proman's intentional, bad faith misconduct, Defendant Proman was ordered to appear in person for his deposition at the United States Courthouse in West Palm Beach on November 8, 2021. [DE 74]. On Defendant Matthew Proman's Motion [DE 81], the Court granted a continuance of Defendant Proman's in-person deposition and rescheduled the in-person deposition for December 8, 2021. [DE 86]. Now, on December 3, 2021, Defendant Proman again asked the Court to continue his in-person deposition. [DE 100]. Defendant states that he cannot appear at the in-person deposition because he is still experiencing respiratory symptoms from his COVID-19 infection dating back to October 2, 2021, and he is concerned about contracting the Omicron variant of the COVID-19 virus because he is unvaccinated. Defendant asks the Court to view his request against the backdrop of his parallel

criminal proceeding in that Defendant Proman will be arraigned on December 15, 2021 and he will continue to invoke his Fifth Amendment right against self-incrimination.

In light of the amended scheduling order that reset the trial in this case and extended the discovery cutoff date to February 25, 2022, the Court will exercise its discretion to continue Defendant Proman's in-person deposition in the interest of justice. This will be the final continuance ordered by the Court based on Defendant Proman's affidavits and doctor's notes. The Court notes that Defendant Proman's "decision not to be vaccinated" because he "do[es] not trust these vaccines" is not convincing and is not considered as a legitimate reason to grant to his request for a continuance. *See* DE 108. Defendant Proman cannot use his lack of a COVID-19 vaccine as an excuse to not attend his deposition when he is the one refusing to take the widely available and effective vaccine. Defendant Proman is reminded that he had the opportunity to appear virtually at his deposition and he completely frustrated his virtual deposition by, *inter alia,* using profanity, cooking pasta, and watching television during his deposition. [DE 74].

The Court finds it necessary to again remind Defendant Proman and his counsel that blanket assertions of the Fifth Amendment privilege are improper and will not be tolerated during his deposition. *United States v. Malnik*, 489 F.2d 682, 685 (5th Cir.), *cert. denied,* 419 U.S. 826 (1974) (holding that a defendant's "blanket" refusal to answer all questions is unacceptable since it forces the reviewing court to speculate as to which questions would tend to incriminate). Rather, Defendant Proman will have to specifically assert any Fifth Amendment privilege he may have with respect to each particular question, as not every single question posed at his deposition will seek testimony that may incriminate him. *Anglada v. Sprague*, 822 F.2d 1035, 1037 (11th Cir. 1987). Once properly asserted, the Court will decide whether an invocation of the Fifth Amendment is justified and, if so, to what extent. *Hoffman v. United States*, 341 U.S. 479, 486

(1951). Defendant Proman and his counsel are reminded that Defendant Proman's "say-so does not of itself establish the hazard of incrimination." *Id.* There are many areas of inquiry, such as biographical information, educational information, financial information, and other areas which are likely not covered by the Fifth Amendment privilege in light of the nature of the criminal charges pending against him in the State of California.

Accordingly, the Court **ORDERS AND ADJUDGES** as follows:

1. Defendant Matthew Proman's Motion For A Continuance Of His Appearance On December 8, 2021 [DE 100] is **GRANTED**.

2. No more delays. The in-person deposition of Defendant Proman is **RESET** to **January 7, 2022 at 9:30 a.m.** at the United States Courthouse 701 Clematis Street, Third Floor, Courtroom Six, West Palm Beach, Florida. The deposition will be conducted in the same manner set forth in the Court's prior Order [DE 74].

3. The deadlines for filings related to the amount of attorney's fees and costs to be awarded against Defendant Proman and in favor of Plaintiff Ludwin will remain as currently scheduled. [DE 86]. Plaintiff is permitted to get an estimate of the cost for a court reporter and videographer for the **January 7, 2022** in-person deposition.

**DONE and ORDERED** in Chambers this 7th day of December, 2021, at West Palm Beach, Palm Beach County in the Southern District of Florida.

*/s/ William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge