UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-81755-Civ-Smith/Matthewman

ADAM LUDWIN, et al.,

    Plaintiffs,

vs.

MATTHEW PROMAN,

    Defendant.
_____/

**ORDER AWARDING ATTORNEY'S FEES AND COSTS TO
PLAINTIFFS AND AGAINST DEFENDANT MATTHEW PROMAN**

THIS CAUSE is before the Court upon Plaintiffs' Memorandum of Attorney's Fees and Costs ("Memorandum"). [DE 110]. Defendant filed a response [DE 113], and Plaintiffs replied [DE 120]. The Court has carefully reviewed the filings and the Court's prior Orders, as well the entire docket in this case.

### I. BACKGROUND

On October 13, 2021, the Court entered an order granting Plaintiffs' motion to compel [DE 74], which, in relevant part, stated that, due to Defendant Proman's outrageous and improper conduct during his September 15, 2021 deposition, "Plaintiffs are entitled to **reasonable** attorney's fees and costs, to be paid by Defendant Proman, which were incurred by Plaintiffs in a) bringing the instant Motion; b) attending the hearing on this Motion; and c) attending the first deposition, which deposition was wholly frustrated by Defendant Proman. Further, Defendant Proman shall pay the costs for a court reporter and the videographer at the rescheduled deposition." *Id.* The Court set a briefing schedule for Plaintiffs to file "an appropriate Memorandum of Attorney's Fees

and Costs addressing the reasonable attorney time incurred, the reasonable hourly rate, and any specific costs or expenses incurred[.]" *Id.* The Court instructed that "Plaintiffs may support their claimed hourly rate and hours incurred by an Affidavit or Declaration." *Id.* The Court also allowed for a response and reply regarding the reasonableness of the amount sought by Plaintiffs.

Plaintiffs' counsel, Adam M. Ludwin, Esq., timely filed a Memorandum to support a request of $8,235 in attorney's fees and $3,102.70 in costs for a total amount of $11,3337.70 to be paid by Defendant to Plaintiffs.[1] [DE 110]. Attorney Ludwin included a statement of attorney's fees within the Memorandum, and also attached his Affidavit of Costs for support. [DE 110-1]. Plaintiffs also provided the Court with the declaration of Michael L. Feinstein, Esq. to support the reasonableness of the attorney's fees incurred by Plaintiffs. [DE 121]. According to attorney Ludwin, his regular hourly rate is $450.00; he billed a total of 18.3 hours in bringing the motion to compel, attending the hearing on the motion, and attending the at-issue deposition of Defendant Proman; and he incurred or will incur $3,102.70 in costs.

In response, Defendant requests an evidentiary hearing and argues that the Memorandum is lacking in specific and detailed proof of the reasonableness of attorney Ludwin's claimed rate of $450 per hour; the amount of time billed is excessive; and the lodestar amount should be reduced because, even if Defendant Proman "behaved as a model citizen during his deposition, it is reasonable to assume Plaintiffs would re-notice or seek leave of Court to revisit taking Defendant [Proman's] deposition" in light of the resolution of the parallel criminal proceeding in the Superior Court of the State of California for the County of Los Angeles. [DE 113]. Defendant also argues

---

[1] Plaintiffs submitted estimated costs in accordance with the Court's Order [DE 109] ("Plaintiff is permitted to get an estimate of the cost for a court reporter and videographer" for the upcoming second deposition of Defendant Proman).

that Plaintiffs are not entitled to an attorney's fee award because "Rule 11 does not permit the Court to award an attorneys' fees to a pro se litigant as a sanction." *Id.*

In reply, Plaintiffs argue that attorney Ludwin is not simply a *pro se* litigant because, although attorney Ludwin is a Plaintiff in this case, attorney Ludwin is also appearing on behalf of the two other Plaintiffs in this case—Joanna Zeitlin Ludwin and Ludwin Law Group, P.A. [DE 120]. Plaintiffs also reiterate that attorney Ludwin's hourly rate of $450 is reasonable. *Id.* Plaintiffs point out that Defendant's objections regarding alleged excessive billing are vague and nonspecific and lack any identifiable concerns regarding any specific billing entry.

II. **DISCUSSION AND ANALYSIS**

a. **Attorney's Fees**

As an initial matter, the Court plainly rejects Defendant's argument that the Court is not permitted to award attorney's fees because attorney Ludwin is a plaintiff proceeding *pro se* in this case. As correctly pointed out by Plaintiffs, attorney Ludwin is also appearing on behalf of the two other Plaintiffs and not solely appearing on his own behalf in this case. Even if attorney Ludwin was not representing the other Plaintiffs, he would still be entitled to an award of attorney's fees and costs pursuant to, for example, the Court's inherent authority. *Barmapov v. Amuail*, 18-CV-80390, 2020 WL 5899504, at *7 (S.D. Fla. Feb. 24, 2020), *report and recommendation adopted sub nom. Barmapov v. Amuial*, 9:18-CV-80390-WPD, 2020 WL 5886896 (S.D. Fla. Oct. 5, 2020) (collecting case and providing a detailed discussion on this issue). The Court easily finds that the facts and law support its ability to award attorney's fees and costs in favor of Plaintiffs, including Plaintiff Adam Ludwin who is a member of The Florida Bar and who is representing himself *pro se* and also representing two separate Plaintiffs, against Defendant Proman. Accordingly, the Court

turns its attention to assessing the reasonableness of the amount of fees and costs to which Plaintiffs are entitled pursuant to the Court's prior order finding entitlement. [DE 74].

While Plaintiffs have a right to attorney's fees incurred, the Court has a corresponding duty to ensure that such an award is reasonable. A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the

reasonableness of attorneys' fees.[2] *Norman*, 836 F.2d at 1299. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783); *Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-CV-81232, 2017 WL 4785458, at *1 (S.D. Fla. Oct. 20, 2017).

First, the Court finds that the number of hours claimed by attorney Ludwin are reasonable. Plaintiffs seek attorney's fees for a total of 18.3 hours of work in connection with bringing the motion to compel, attending the hearing on the motion, and attending the at-issue deposition of Defendant Proman which Proman wholly frustrated and obstructed. In reaching a total of 18.3 hours, attorney Ludwin spent 12.5 hours in bringing the motion to compel, 1.4 hours attending the hearing on the motion to compel, and 4.4 hours attending the at-issue deposition. The amount of time attending the hearing and deposition are objectively measurable here and this time requested by Plaintiffs is reasonable.  *See* DE 70 (Minute Entry of the Hearing on the Motion to Compel; DE 76 (Notice of Conventional Filing of the Video Deposition of Defendant Proman). Spending 12.5 hours in bringing this motion to compel is also reasonable here, particularly when the nature of the motion required attorney Ludwin to carefully go through the video deposition of Defendant Proman and create a list of all improper actions with video time stamps in order to present the full scope of Defendant Proman's behavior during his deposition to the Court. Accordingly, a total of

---

[2] The Court rejects as wholly unnecessary Defendant Proman's request for an evidentiary hearing to determine the amount of attorney's fees and costs to award. In light of the parties' filings, including the filing of an affidavit and declaration, and the Court's own experience, the holding of an evidentiary hearing would be a waste of judicial and party resources. The Court also plainly rejects Defendant's argument that the Court should hold a hearing to determine if the lodestar should be adjusted in light of the recent change in circumstances in Defendant Proman's parallel criminal proceeding. The fees and costs awarded to Plaintiffs are to sanction Defendant Proman's outrageous and obstructionist conduct during his initial deposition.  The fact that he will no longer be asserting his Fifth Amendment Privilege has no bearing on the Court's determination of reasonableness of the fees and costs sought by Plaintiffs pursuant to the Court's prior order finding entitlement.

18.3 hours of work is reasonable here in connection with bringing the motion to compel, attending the hearing on the motion, and attending the at-issue deposition of Defendant Proman.

Next, the Court turns to whether the requested hourly rate of $450 is reasonable for attorney Ludwin's time. According to attorney Ludwin, this hourly rate is based upon: 1) hourly legal fees awarded to him in other legal matters; 2) the degree of difficulty in this instant action; 3) the lack of assurance of a recovery in the instant action; 4) his experience in practicing law for nearly eight years; and 4) he was quoted an hourly rate of $650 per hour when the he sought to retain counsel in this matter. [DE 110]. Attorney Ludwin also submitted an affidavit of attorney Michael L. Feinstein for support of the claimed reasonable hourly rate of $450 for attorney Ludwin. [DE 121-1]. Based on the Court's own experience and knowledge of prevailing market rates for similar services in the South Florida legal community as well as on the Court's review of his qualifications, the Court finds that an hourly rate of $400.00 for attorney Ludwin is reasonable here. *See*, *e.g.*, *Nation Motor Club, Inc. v. Stonebridge Cas. Ins. Co.*, No. 10-81157-CIV, 2013 WL 6729648, *2 (S.D. Fla. Aug. 2, 2013); *see also Freestream Aircraft USA Ltd.*, 16-CV-81232, 2017 WL 4785458, at *2–3. Accordingly, the Court will reduce Mr. Ludwin's hourly rate from $450.00 to $400.00 for purposes of the pending motion and this Order.

In order to calculate the appropriate fee award, the Court must next multiply the reduced reasonable rate of attorney Ludwin by the number of reasonable hours spent in connection with bringing the motion to compel, attending the hearing on the motion, and attending the at-issue deposition of Defendant Proman. The Court finds that Plaintiffs reasonably incurred 18.3 hours of attorney work at an hourly rate of $400.00 for attorney Ludwin. The total attorney's fees award is therefore $7,320.00. This award of attorney's fees shall be fully paid by Defendant Proman due to his misconduct and obstructionist behavior at his prior deposition.

b. **Costs**

The Court now turns to Plaintiffs' request for $3,102.70 in costs. In support, Plaintiffs attached the Affidavit of Costs by Attorney Ludwin [DE 110-1], and Plaintiffs seek the following costs: $335 for the court reporter's attendance at the at-issue deposition; $1,168.50 for the deposition transcript and video copy of the at-issue deposition; $15 to obtain the physical copy of the at-issue deposition; $27.10 for overnight delivery of the DVD of the at-issue deposition; $197.10 for the transcript of the hearing on the motion to compel; $460 for the anticipated cost of the court reporter and videographer to attend the upcoming second deposition of Defendant Proman; and $900 for the anticipated cost of the transcript and video for the upcoming second deposition of Defendant Proman. *Id.* Defendant's response does not address the specific costs sought by Plaintiffs. [DE 113].

Nevertheless, the Court has reviewed the costs and finds it necessary to reduce the amount of costs sought by Plaintiffs to achieve a reasonable costs award. The Court finds that the requested $3,102.70 in costs must be reduced by $197.10 for the cost of the transcript of the hearing on the motion to compel. The Court finds that obtaining the cost was unnecessary because the Court's ten-page written order following the hearing [DE 74], as well as attorney Ludwin's attendance at the hearing, rendered a request for a transcript to be unnecessary. Therefore, the amount of $197.10 will be reduced from the total award of costs. Accordingly, the Court finds Plaintiffs reasonably incurred $2,905.60 in costs. This award of costs shall be fully paid by Defendant Proman due to his misconduct and obstructionist behavior at his prior deposition.

III. **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that Defendant shall reimburse Plaintiffs for their reasonable attorney's fees in the amount of $7,320 and their reasonable costs in the

amount of $2,905.60, for a total award of **$10,225.60** to be paid by Defendant Proman to Plaintiffs. Defendant shall make such payment to Plaintiffs' counsel's trust account **by or before January 19, 2022**. Thereafter, the parties shall file a Notice in the record advising that payment has been made or advising that payment has not been made within the time period ordered by the Court. In the event of non-payment, Plaintiffs may move for entry of a judgment against Defendant and/or for any other appropriate relief.

    **DONE and ORDERED** in Chambers this 7th day of Janaruy, 2022, at West Palm Beach, Palm Beach County in the Southern District of Florida.

                                                          WILLIAM MATTHEWMAN
                                                          United States Magistrate Judge