UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-81755-CIV-SMITH

ADAM M. LUDWIN, ESQ.,
LUDWIN LAW GROUP, P.A.,
and JOANNA ZEITLIN,

    Plaintiffs,

vs.

MATTHEW B. PROMAN, *a/k/a*
"MATT" PROMAN

    Defendant.
_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS REPORT [D.E. 202]

COMES NOW Plaintiffs, **ADAM M. LUDWIN ESQ**. (hereinafter "Mr. Ludwin"), **LUDWIN LAW GROUP, P.A**. (hereinafter "LLG"), and **JOANNA ZEITLIN** (Ms. Zeitlin), (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel, and hereby files their Response in Opposition to Defendant's Motion to Strike Plaintiffs' Expert Witness Report, and state as follows:

**Procedural Posture**

1. On April 21, 2022, Plaintiffs served their expert witness disclosure drafted by Sameer Somal. Mr. Somal's report contains one thousand, one hundred and ninety-nine (1,199) pages, which include an exhaustive list of topics which Mr. Somal discusses and analyzes in great detail and explains there respective contribution to his conclusion as to damages.

2. Directly to the contrary, Defendants failed to identify any expert witnesses, tender a rebuttal expert witness disclosure, seek an extension of time to produce an expert witness disclosure or even attempt to depose Mr. Somal regarding his detailed analysis and conclusions.

**Summary**

3. Plaintiff's expert witness report drafted by Mr. Somal remains unrefuted by Defendant as a result of Defendant's failure to produce its own expert witness report or seek an extension of time regarding same.

4. As a result of Defendant's failure to procure an expert witness, Defendant now moves this Court for an order striking Mr. Somal's report and precluding Mr. Somal from testifying entirely.

5. The relief sought by Defendant is completely unsupported. Not a single case cited in Defendant's Motion held that an expert witness's report should be struck entirely and/or that the expert witness should be precluded from testifying altogether, as Defendant seeks the Court to allow in the instant action.

6. Defendant's entire motion is based on misleading statements of law, material omissions, and an incomplete amalgamation of excerpts from Plaintiffs' expert witness disclosure which completely ignores the comprehensive totality of Mr. Somal's expert witness analysis.

**Legal Argument**

7. It has long been held by the Supreme Court of the United States that **a court's exclusion of a party's expert witness testimony is the exception, rather than the rule**. [emphasis added] *See Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999).

8. As the legislature expressed in the footnotes of Rule 702, "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *See Rule 702 (citing United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996)).

9. Defendant's request to strike Plaintiffs' expert witness report and to disqualify Plaintiffs' expert witness from testifying completely undermines the adversary system and the legislative intent as expressed in the footnotes of Rule 702.

10. As further stated in the footnotes of Rule 702, discussing the Supreme Court's decision in *Daubert*: "Vigorous cross-examination, presentation of contrary evidence, and careful

instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. at 595.

11. If Plaintiffs' expert witness report is found admissible and Plaintiffs' expert witness is permitted to testify, Defendant not be prejudiced as Defendant will have the opportunity to cross examine Plaintiffs' expert witness, present contrary evidence, and the trier of fact will receive carful instruction as to the burden of proof in the instant matter.

12. Defendant's Motion starts by improperly attempting to persuade the Court to strike Plaintiffs' expert because of a "mind-boggling" damage figure. *See* [DE 202] Pg.1, ¶ 1.

13. Defendant's attempt to focus on conclusions is improper because the United States Supreme Court in *Daubert* "… declared that the "focus, of course, must be solely on principles and methodology, not on the conclusions they generate." 509 U.S. at 595.

14. While, Defendant admits that Mr. Somal has experience in digital marketing and reputation, Defendant improperly states that Mr. Somal is not qualified to discuss legal matters because he is a "non-lawyer" and "non-legal expert."

15. To the contrary, the legislature expressed the following in the footnotes of Rule 702:

> *Nothing in this amendment is intended to suggest that experience alone—or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony.* See, e.g., United States v. Jones, [107 F.3d 1147](#) *(6th Cir. 1997) (no abuse of discretion in admitting the testimony of a handwriting examiner who had years of practical experience and extensive training, and who explained his methodology in detail);* Tassin v. Sears Roebuck*, 946 F.Supp. 1241, 1248 (M.D.La. 1996) (design engineer's testimony can be admissible*

3

> *when the expert's opinions "are based on facts, a reasonable investigation, and traditional technical/mechanical expertise, and he provides a reasonable link between the information and procedures he uses and the conclusions he reaches"). See also Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167, 1178 (1999) (stating that "no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.").*

16. It is of no consequence that Mr. Somal is not a licensed attorney, Defendant's statement neglect to discuss Mr. Somal has legal experience as a co-author, along with the Philadelphia Bar Foundation, of continuing legal education seminars for attorneys, on the law, defamation, and damages. Moreover, Mr. Somal has researched and published articles on topic, and Mr. Somal has additional experience and has gained knowledge as a member of the Legal Marketing Association.

17. Moreover, while Defendant disputes Mr. Somal's qualifications, Defendant did not dispute the methodology utilized by Mr. Somal in his legal analysis, as he comparable and distinguished defamation cases, utilizing the same methodology as any licensed attorney.

18. As stated in Defendant's Motion, Mr. Somal's inclusion of an analysis of case law is nothing more than an independent "justification" of Mr. Somal's conclusions, which are analyzed in great detail on alternative grounds in his report.

19. Expert analysis like Mr. Somal's are explicitly considered in the footnotes of Rule 702, stating:

"Some types of expert testimony will not rely on anything like a scientific method, and so will have to be evaluated by reference to other standard principles attendant to the particular area of expertise. The trial judge in all cases of proffered expert testimony must find that it is properly grounded, well-reasoned, and not speculative before it can be admitted. The expert's testimony must be grounded in an accepted body of learning or experience in the expert's field, and the expert must explain how the conclusion is so grounded. *See, e.g.*, American College of Trial

4

Lawyers, *Standards and Procedures for Determining the Admissibility of Expert Testimony after Daubert*, 157 F.R.D. 571, 579 (1994) ("[W]hether the testimony concerns economic principles, accounting standards, property valuation or other non-scientific subjects, it should be evaluated by reference to the 'knowledge and experience' of that particular field.").

20. Plaintiff's expert goes into great detail regarding his damage analysis, including objective analysis of access to Defendant's defamatory publications under through numerous search engines, the posts appearance in upper tier search results, as well as the appearance of the defamatory posts on both national and international scales.

21. Defendant has produced no evidence which contradicts the fact that Mr. Somal's testimony is based on well-established methodologies that are generally accepted in the Online Reputation Management ("ORM") field, which includes a highly detailed 1,199 page analysis that discussed the facts and circumstances which contributed to Mr. Somal's analysis, which includes but is not limited to, the following factual areas of inquiry:

    a. "The number of defamatory publications, whether websites, articles, or media references remain "live" and viewable by the public to date;"

    b. "How … the defamatory publications spread across the internet;"

    c. "The effect defamatory publications have upon influencing the opinions of individuals who id not know Adam Ludwin, Ludwin Law Group P.A. and/or Joanna Zeitlin prior to being subjected to the Internet Defamation;"

    d. "The effect defamatory publications have upon influencing the opinions of existing or known associates of Adam Ludwin, Ludwin Law Group P.A., and/or Joanna Zeitlin;"

    e. "Whether the defamatory content compromised the professional reputations of Adam Ludwin, Ludwin Law Group P.A., and/or Joanna Zeitlin;"

    f. "Whether the defamatory content compromises the personal reputations of Adam Ludwin, and/or Joanna Zeitlin;"

g. "Identifying keywords which display search engine results with the published defamatory content for Adam Ludwin, Ludwin Law Group P.A., and/or Joanna Zeitlin;"

h. "Whether the defamatory publications circulated on the internet appear in the first ten search engine result pages (SERPs);"

i. "Whether the defamatory publications circulated on the internet appear in the first twenty-five search engine result pages (SERPs);"

j. "Whether the defamatory publications transcend domestic geographical boundaries and appear in searches regarding Adam Ludwin, Ludwin Law Group P.A., and/or Joanna Zeitlin on an international scale;"

k. "Whether the defamatory publications appear on credible authoritative websites or are the publications drafted in such a way as to provide the reader the indicia of credibility:

l. "Whether the circumstances of this case affect the ranking of defamatory publications' appearance in the search engine results for identified keywords;"

m. "Countermeasures which can be employed to mitigate the appearance of the defamatory content on the first twenty-five search result pages"

n. "Whether defamatory content can be removed;"

o. "Methods which can be utilized to rehabilitate online reputational damages resulting from Internet Defamation;"

p. "Future efforts required to insulate reputation from continued damages caused by prior posts, as well as damages from future defamatory posts made on the internet;"

q. "Assessment of cost for Adam Ludwin to repair his personal and professional digital Reputations;"

r. "Assessment of cost for Joanna Zeitlin to repair her personal and professional digital Reputations;"

s. "Assessment of cost for Ludwin Law Group P.A. to repair its digital reputation;"

t. "Manifestation of Internet Defamation in terms of physical and emotional distress for

6

Adam Ludwin and/or Joanna Zeitlin;"

u. "Whether Internet Defamation has caused real-life instances where the defamatory posts have been acknowledged by people known or unknown to Adam Ludwin, Ludwin Law Group P.A., and/or Joanna Zeitlin and the associated harm to their respective reputations;" and

v. The necessary steps required by Plaintiffs to repair their respective online reputations through widely accepted ORM methodologies that have been proven to be effective.

22. Ultimately, the trial judge will be present to evaluate any testimony, analysis and conclusions presented by Mr. Somal and he will be in the best position to strike any inappropriate testimony at trial.

WHEREFORE Plaintiffs hereby request that the Honorable Court enter an order DENYING an order Defendant's Motion to Strike Plaintiffs' Expert Witness Report, and for any further relief that this Honorable Court deems just and proper.

Dated: June 8, 2022

Respectfully submitted,

By: */s/ Adam M. Ludwin*
Adam M. Ludwin, Esq.
FL Bar No.: 101742

**LUDWIN LAW GROUP, P.A**.
*Counsel for Plaintiffs*
85 S.E. 4th Avenue, Suite 108
Delray Beach, Fl 33483
Tel: (561) 455-4455
Primary Email: adam@ludwinlaw.com
Secondary Email: admin@ludwinlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of June, 2022, a true and correct copy of the foregoing has been served upon counsel for Defendant's counsel, Dan Gelber, Esq., via email at Dan@gsgpa.com and Andrew Figeroa, Esq. via email at afigueroa@gsgpa.com>.

Respectfully Submitted,

By: /s/ Adam M. Ludwin
Adam M. Ludwin, Esq.
Florida Bar No: 101742
Ludwin Law Group, P.A.

7

85 S.E. 4th Avenue, Suite 108
Delray Beach, FL 33483
Office Phone: (561) 455-4455
Primary Email: Adam@LudwinLaw.com
Secondary: Admin@LudwinLaw.com

Case 9:20-cv-81755-RS   Document 207   Entered on FLSD Docket 06/08/2022   Page 8 of 8