**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-81755-SMITH/MATTHEWMAN**

ADAM M. LUDWIN, *et al.*,

      Plaintiffs,

vs.

MATTHEW B. PROMAN,

      Defendant.

_____/

**DEFENDANT MATTHEW PROMAN'S REPLY IN SUPPORT OF**
**MOTION TO STRIKE REPORT AND PRECLUDE TESTIMONY**
**OF PLAINTIFFS' EXPERT SAMEER SOMAL AT TRIAL**

Defendant Matthew Proman submits this reply in support of his motion to strike report and

preclude testimony of Plaintiffs' expert Sameer Somal at trial. *See* [ECF No. 202].

**I. INTRODUCTION**

In their response, Plaintiffs decline to engage in the substantive arguments Mr. Proman

advanced in his motion and instead state broad platitudes for why their damages expert, Sameer

Somal, should be permitted to testify and introduce his flawed and unreliable expert report.

Notably, Plaintiffs do not dispute that Somal, a non-legal expert, attempts to opine on the law and

Plaintiffs' emotional distress; they do not contest that Somal's opinions rely on damage awards in

unrelated cases to justify the damages calculation in this case; they do not provide a *single citation*

to the expert report; and they do not even bother to address the fact that Somal's unqualified and

groundless opinions will not help the jury at trial. Plaintiffs, rather, defend the unreliable expert by

repeatedly emphasizing the uncited proposition that because Mr. Proman's challenges to Somal's

report are directed at his conclusions and not his methodology (a characterization with which Mr.

Proman strongly disagrees), none of Mr. Proman's arguments are proper under the "footnotes" to

Federal Rule of Evidence 702. This (mis)characterization of Mr. Proman's arguments is not only wrong, but also a tacit admission by Plaintiffs that Somal's opinions are riddled with problems. Somal's report and testimony should be excluded.[1]

## II. ARGUMENT

### A. Plaintiffs do not substantively address the Eleventh Circuit's rigorous three-part inquiry to determine the admissibility of expert testimony.

As explained in Mr. Proman's motion, and ignored by Plaintiffs in their response, district courts engage in a "rigorous three-part inquiry" to determine the admissibility of an expert's testimony: (1) the expert must be "qualified to testify competently regarding the matters he intends to address"; (2) the expert's methodology must be "sufficiently reliable"; and (3) the testimony must "assist[] the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). "The proponent of the expert testimony bears the burden of showing, by a preponderance of the evidence, that the testimony satisfies each prong." *Hendrix ex rel. G.P. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010).

Here, Plaintiffs do not even address, much less satisfy their burden on, the third prong. *See*

---

[1] Plaintiffs proclaim "[n]ot a single case cited in Defendant's Motion held that an expert witness's report should be struck entirely and/or that the expert witness should be precluded from testifying altogether[.]" Resp. ¶ 5. This proclamation is demonstrably false. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1290, 1292–94 (11th Cir. 2005) (affirming district court's decision to exclude "all the toxicology experts and treating physicians"); *Cano v. 245 C & C, LLC*, No. 19-21826-Civ, 2021 WL 684188, at *14 (S.D. Fla. Feb. 19, 2021) ("Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' *Daubert* Motion Seeking to Strike the Designation of Nani Solares, M.S., as an Expert Witness and Preclude the Use and/or Presentation of Her Opinions and Expert Witness Report at Trial or for Other Purposes . . . is **GRANTED**." (original emphasis and block letters)); *Simon v. Healthsouth of Sarasota Ltd. P'ship*, No. 8:12-cv-236, 2021 WL 268496, at *2 (M.D. Fla. Jan. 27, 2021) ("[T]he Court concludes that Dr. Clarke's expert report is subject to exclusion under Federal Rule of Evidence 702."). These cases are cited in Mr. Proman's motion. *See* Mot. 4–5.

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM

*generally* Resp. Plaintiffs offer a single perfunctory clause regarding the jury: "the trier of fact will receive carful [sic] instruction as to the burden of proof in the instant matter." *Id.* ¶ 11. But this is a futile attempt to shift focus away from the expert's failure to meet the *Daubert* standard, as the burden of proof at trial is not at issue in Mr. Proman's motion. Wholly absent from the opposition is a valid response addressing whether Plaintiffs' expert satisfies the third element of the *Daubert* standard—helpfulness—by a preponderance of the evidence.[2] *See generally id.*

By contrast, Mr. Proman thoroughly discusses (and provides on-point authority) that the following opinions by Somal are unhelpful and inadmissible: (1) the meaning of the alleged publications; (2) the costs of a reputational repair campaign; (3) damage calculations based on speculative evidence; (4) Mr. Proman's state of mind; and (5) legal conclusions or opinions. *See* Mot. 7–11. Plaintiffs simply ignore these arguments and caselaw, and fail to cite a single case in which a court has permitted expert evidence on these issues, all of which pervade Somal's opinions. At bottom, Plaintiffs are merely asking the Court to let Somal deliver their arguments about the meaning of the statements, Mr. Proman's intent, and speculative damages. This is not a proper use of expert evidence. *See Omar v. Babcock*, 177 F. App'x 59, 63 n.5 (11th Cir. 2006) (where "the witness simply recounts the facts and then offers an opinion as to the conclusion which the jury should reach, such expert testimony is not permitted"); *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07-61542-Civ, 2010 WL 6363027, at *7 (S.D. Fla. Sept. 9, 2010) (excluding expert evidence where it amounted to nothing more than a party reciting arguments counsel can argue in summation).

---

[2] It appears Plaintiffs argue Somal's report should be admitted because Mr. Proman "fail[ed] to produce its [sic] own expert witness report or seek an extension of time regarding same." Resp. ¶ 3; *see also id.* ¶ 4. This is a misguided attempt to shift Plaintiffs' burden to establish the admissibility of their expert to Mr. Proman and distract the Court. Again, it is Plaintiffs' burden, not Mr. Proman's, to establish that Somal meets each prong of the *Daubert* standard.

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM

In short, Plaintiffs offer no rebuttal at all to the point that Somal's testimony provides unhelpful and irrelevant information that will only confuse the jury and prejudice Mr. Proman. *See generally* Resp. On this basis alone, Somal's opinions and report should be excluded. *See, e.g.*, *Hendrix ex rel. G.P.*, 609 F.3d at 1194 (proponent must satisfy, by preponderance of the evidence, "each prong"); *La Gorce Palace Condo. Ass'n v. Blackboard Specialty Ins. Co.*, No. 19-24016-Civ, 2022 WL 479877, at *9 (S.D. Fla. Feb. 16, 2022) ("[The] failure to establish the second prong obviates the need to proceed to the third."); *Carter v. BPCL Mgmt., LLC*, No. 19-60887-Civ, 2021 WL 7502562, at *1 (S.D. Fla. Sept. 22, 2021) (striking expert testimony and opinions where plaintiff "refus[ed] to refute any arguments in Defendant's Motion," and writing such conduct "operates as a waiver of those arguments and is akin to a failure to respond" (collecting cases)).

**B.  Somal lacks qualifications and relevant experience, requiring exclusion.**

None of Somal's education, training, or experience qualifies him to opine on legal matters, interpret decisional law, calculate damages, or determine motivations and intentions of Mr. Proman. *See* Mot., Ex. A, Pls.' Expert Report [ECF No. 202-1] 10 (offering brief biography).[3] Somal admittedly is not a licensed attorney and has no legal education. *See id.* Somal does not identify any background in psychology or any matters related to determining human motivations, nor does he claim to be an expert in these areas. *See id.* Neither does Somal identify any background in analyzing judicial decisions or calculating damages based upon decisional law. *See id.* As a result, his testimony regarding damage extrapolation of cases, damage calculations, and the motivations and intentions of Mr. Proman, as well as his legal conclusions, should be excluded.

---

[3] Mr. Proman uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Gelber Schachter & Greenberg, P.A.
One Southeast Third Avenue ▪ Suite 2600 ▪ Miami, Florida 33131 ▪ www.gsgpa.com

To bolster admittedly insufficient qualifications, Plaintiffs create the false impression that Somal is qualified to provide "legal analysis" of "case law" because Somal (1) has "legal experience as a co-author . . . of continuing legal education seminars for attorneys"; (2) "has researched and published articles on topic"; (3) "has additional experience"; and (4) "has gained knowledge as a member of the Legal Marketing Association." Resp. ¶¶ 16, 17, 18. Plaintiffs offer no citation to the expert report to support this evidence or applicable authority to support this proposition. *See id.* ¶ 16. Nor do Plaintiffs explain how this experience leads to the conclusions reached, why this experience is a sufficient basis for the opinions on the legal and state of mind issues, and how that experience is reliably applied to the facts. *See id.* Plaintiffs' singular paragraph, without any record citations, applicable law, or legal analysis, is insufficient to qualify Somal as an expert to opine on legal matters, interpret decisional law, calculate damages, or determine motivations and intentions of Mr. Proman.

Authority abounds. *See, e.g.*, *Commodores Ent. Corp. v. McClary*, 879 F.3d 1114, 1129 (11th Cir. 2018) (expert's "legal conclusions were properly struck" because "[t]he district court was the only source of the law, and [expert's] testimony would have invaded the court's exclusive prerogative"); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-md-2885, 2021 WL 948839, at *8 (N.D. Fla. Mar. 13, 2021) (a non-lawyer cannot offer opinions about legal questions and issues (collecting cases)); *Cano*, 2021 WL 684188, at *5 (striking expert where the plaintiffs "failed to establish that [the proposed expert was] qualified to give expert testimony on Plaintiffs' psychological, emotional, and personal distress"); *Umana-Fowler v. NCL (Bahamas) Ltd.*, 49 F. Supp. 3d 1120, 1122 (S.D. Fla. 2014) ("[A]n expert cannot rely on [its] experience without explaining in detail how the experience and other materials consulted support the opinion rendered." (quotations omitted)).

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM

In sum, Somal lacks qualifications and relevant experience to qualify him as an expert.

**C. Somal's proffered report is not based on reliable methodology; indeed, it does not appear to be based on any methodology.**

Plaintiffs say Mr. Proman "did not dispute the methodology utilized by Mr. Somal in his legal analysis, as he comparable [sic] and distinguished defamation cases, utilizing the same methodology as any licensed attorney." Resp. ¶ 17. This is simply and demonstrably false. *See* Mot. 6–7 (disputing Somal's unreliable methodology).

In determining Plaintiffs' damage figure, Somal based his calculation entirely on "the above mentioned case precedents." Pls.' Expert Report 118 ("Based on the above mentioned case precedents, we suggest the following damages:"). Consequently, Somal fails to provide meaningful and reliable methodology for his damage analysis. In fact, no methodology was used to reach his stated opinion and conclusion—simply speculation. Somal, for instance, provides no application of a scientific method, and no basis exists to verify or test his conclusion. Nor is there evidence that he employed a "method" that was peer reviewed or has ever been applied before, much less one that is generally recognized or accepted. Rather, Somal's testimony and conclusion are nothing more than opinions based on a one-sided interpretation of irrelevant cases and improper extrapolation. Such unreliable and unauthorized testimony must be excluded. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1245 (11th Cir. 2005) ("*any* step that renders the analysis unreliable under the *Daubert factors renders the expert's testimony inadmissible.*" (original emphasis; quotations omitted)); *Gastaldi v. Sunvest Resort Cmtys., LC*, 709 F. Supp. 2d 1299, 1304 (S.D. Fla. 2010) (noting that methodologically flawed expert damage reports may be excluded under *Daubert*).

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM

Plaintiffs next contend Somal "goes into great detail regarding his damage analysis, including objective analysis." Resp. ¶ 20 (offering no citation for this proposition).[4] Plaintiffs' argument once again misconstrues their own expert's report. Somal unambiguously admits his damage analysis is based on nothing more than "case precedents." Pls.' Expert Report 118. In Somal's words: "Based on the above mentioned case precedents, we suggest the following damages[.]" *Id.* Notably absent from his damages calculation is any reference to "objective analysis" or any calculation of harm related to specific Plaintiffs that is attributable to Mr. Proman. Somal needed to, but failed to, apply some methodology to determine damages attributable to Mr. Proman's alleged defamation, not simply reach a figure by improperly extrapolating damage awards in unrelated cases. Put differently, Somal's method of extrapolating damage awards in unrelated cases is decidedly not verifiable, testable, or accepted methodology for applying a standard to the facts of a case. *Cf. La Gorce Palace Condo. Ass'n, Inc.*, 2022 WL 479877, at *2 ("[M]ere recitation of the major points from [another expert's] report, without knowledge of how [the expert] put the report together in the first instance, would not pass as expert testimony.").

In short, Somal's damages calculation is not grounded in supporting facts or reality and is not the product of a reliable measure of damages attributable to the wrongful conduct (*i.e.*, the purported defamatory postings by Mr. Proman). Somal's wildly unrealistic report and unfounded plaintiff-fed testimony must be excluded under *Daubert*.

### D. Somal's legal conclusions must be excluded.

Plaintiffs attempt to defend Somal's methodology and report by providing numerous

---

[4] Plaintiffs attempt to defend the methodology by emphasizing the fact Somal's report contains "one thousand, one-hundred, and ninety nine [] pages." Resp. ¶ 1. Plaintiffs cite no authority that the length of the expert's report is relevant to whether the expert's opinion is well grounded. *See id.* Nor do Plaintiffs note the fact that 476 pages of the report include irrelevant and unreliable materials—specifically, "Internet Defamation Legal Cases." *See* [ECF No. 202-7].

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM

uncited quotations of Somal's "factual area[] [] inquiry." Resp. ¶ 21. Yet, Plaintiffs' selective quotations[5] are littered with impermissible legal conclusions and support *exclusion*, not inclusion. *See id.* ¶ 21(a.) ("defamatory publications"); *id.* ¶ 21(b.) ("defamatory publications"); *id.* ¶ 21(c.) ("defamatory publications"); *id.* ¶21(d.) ("defamatory publications"); *id.* ¶21(e.) ("defamatory content"); *id.* ¶ 21(f.) ("defamatory content"); *id.* ¶ 21(g.) ("defamatory content"); *id.* ¶ 21(h.) ("defamatory publications"); *id.* ¶ 21(i.) ("defamatory publications"); *id.* ¶ 21(j.) ("defamatory publications"); *id.* ¶ 21(k.) ("defamatory publications"); *id.* ¶ 21(l.) ("defamatory publications"); *id.* ¶ 21(m.) ("defamatory content"); *id.* ¶ 21(n.) ("defamatory content"); *id.* ¶ 21(o.) ("Internet Defamation"); *id.* ¶ 21(p.) ("defamatory posts"); *id.* ¶ 21(t.) ("Manifestation of Internet Defamation in terms of physical and emotional distress"); *id.* ¶ 21(u.) ("defamatory posts"). Somal may not, but repeatedly does, offer legal conclusions or draw legal conclusions by blindly applying law to the facts. *See Fortress Secure Sols. LLC v. AlarmSIM LLC*, No. 4:17-cv-5058, 2019 WL 7816820, at \*6 (E.D. Wash. Dec. 5, 2019) (expert "may not offer conclusions that specific statements in the allegedly defamatory email are or are not defamatory" because "[t]hese opinions are legal conclusions and are therefore not the appropriate subject of expert testimony"); *see also, e.g.*, *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness [] may not testify to the legal implications of conduct; the court must be the jury's only source of law.").

Simply put, Mr. Proman's motion demonstrates, and Plaintiffs' selective quotations confirm, that Somal's testimony is inadmissible as improper legal conclusions of law.

---

[5] Plaintiffs provide no citations to Somal's expert report for these quotations; and it is unclear what relevance such quotations have to Somal's unreliable methodology. *See* Resp. ¶ 21.

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ www.GSGPA.COM

**E.  Somal's impermissible testimony cannot be fixed on cross-examination.**

Plaintiffs say Somal's unreliable and problematic methodology and opinions can overcome a *Daubert* motion because "Defendant not [sic] be prejudiced as Defendant will have the opportunity to cross examine" and "present contrary evidence[.]" Resp. ¶ 11. Plaintiffs, however, miss the point. The fact an opposing party is free to challenge the accuracy, completeness, and relevance of an expert report during cross-examination or in closing argument does not satisfy a proponent's burden to establish *admissibility* in the first instance. This is especially true considering the high risk a factfinder will assign "talismanic significance" to Somal's opinions. *Frazier*, 387 F.3d at 1263. Any purported utility of the error-ridden report must be weighed against the fact that, due to Somal's failure to employ a reliable methodology or perform even a basic inquiry into the facts and *Plaintiffs*' alleged damages, the value of Somal's proffered evidence is outweighed by its strong potential to mislead and confuse the jury. In other words, Plaintiffs cannot shirk their burden with a singular reference to cross-examination.

Accordingly, exclusion of Somal's report is appropriate because it "is not helpful and the risk is too great that the trier of fact will be confused or place undue weight on such an opinion." *Umana-Fowler*, 49 F. Supp. 3d at 1124.

**F.  Plaintiffs do not rebut that Somal's opinions are improper and inadmissible.**

In his motion, Mr. Proman provided numerous examples of Somal's improper opinions relating to the meaning of the alleged publications, costs of a reputational repair campaign, damage calculations based on speculative review of unrelated cases, and Mr. Proman's intent and state of mind. *See* Mot. 7–11. Mr. Proman also cited to relevant law showing that this type of testimony lies outside the bounds of permissible expert opinions. *See id.* Plaintiffs do not address, much less rebut, these arguments. *See generally* Resp. Plaintiffs' "refusal to refute any arguments in [Mr.

Gelber Schachter & Greenberg, P.A.
One Southeast Third Avenue ▪ Suite 2600 ▪ Miami, Florida 33131 ▪ www.gsgpa.com

Proman's] Motion operates as a waiver of those arguments and is akin to a failure to respond."

*Carter*, 2021 WL 7502562, at *1 (collecting cases). Those arguments are unopposed and alone

provide a basis for the Court to exclude Somal's report and trial testimony.

### III. CONCLUSION

For all these reasons, Somal's opinions and expert report should be excluded in their

entirety, and Somal should be barred from testifying at trial. Mr. Proman's motion must be granted.

Dated: June 15, 2022                       Respectfully Submitted,

                                           */s/ Daniel S. Gelber*
                                           DANIEL S. GELBER
                                           Florida Bar No. 512877
                                           dan@gsgpa.com
                                           GERALD E. GREENBERG
                                           Florida Bar No. 440094
                                           ggreenberg@gsgpa.com
                                           ANDREW T. FIGUEROA
                                           Florida Bar No. 1002745
                                           afigueroa@gsgpa.com
                                           GELBER SCHACHTER & GREENBERG, P.A.
                                           SunTrust International Center
                                           One Southeast Third Avenue, Suite 2600
                                           Miami, Florida 33131
                                           Telephone: (305) 728-0950
                                           E-service: efilings@gsgpa.com

                                           *Counsel for Defendant Matthew Proman*

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM