**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-81755-CIV-SMITH**

ADAM M. LUDWIN, ESQ.,
LUDWIN LAW GROUP, P.A.,
and JOANNA ZEITLIN,

    Plaintiffs, vs.

MATTHEW B. PROMAN, a/k/a
"MATT" PROMAN

    Defendant.
_____/

**PLAINTIFFS'** *EXPEDITED MOTION* **FOR RELIEF FROM THE COURT'S AMENDED SCHEDULING ORDER [D.E. 197] AND TO CONTINUE TRIAL SCHEDULED FOR THE TWO WEEK TRIAL CALENDAR BEGINNING ON NOVEMBER 7, 20222 AND TO EXTEND ALL PENDING PRE-TRIAL DEADLINES**

    COMES NOW Plaintiff's ADAM M. LUDWIN, ESQ., LUDWIN LAW GROUP, P.A., and JOANNA ZEITLIN (hereinafter "Plaintiffs"), by and through the undersigned counsel hereby moves this Honorable Court for EXPEDITED relief from the Court's Amended Scheduling Order [D.E. 197], to continue trial scheduled to be heard by this Court on the November 7, 2022 trial calendar, to extend all pending pretrial deadlines, and state as follows:

    **FORENOTE:** This Motion is being filed on an expedited basis because October 7, 2022 is the deadline to file: Joint pretrial stipulations, depositions designations and counter-designations, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law. Moreover, Defendant's counsel has advised that Defendant intends not to file a response to the instant motion until after the October 7, 2022 deadline, which would require Plaintiffs to file the foregoing documents without the assistance of trial counsel.

Additionally, Plaintiffs' perspective counsel's agreement to promptly appear and represent Plaintiffs at trial in this cause is conditioned upon Plaintiffs successfully procuring an order from the Court continuing the trial to the December 2023 trial calendar, or later, because Plaintiffs' perspective counsel has a prior trial commitment and requires time to become adequately familiar with the facts and evidence in this case. Consequently, **Plaintiffs respectfully request that the Court deem it appropriate to resolve the instant motion on an expedited basis and enter an order regarding same by October 6, 2022**.

**Prior Orders Continuing Trial**

1. On November 5, 2020, Plaintiffs executed a written agreement wherein Plaintiffs retained attorney, Michael L. Feinstein ("Trial Counsel"), to represent them in the event the instant action goes to trial.

2. It was agreed that the undersigned, a co-plaintiff in this matter, would litigate and prepare the instant action for trial, and Trial Counsel was to appear in this matter prior to trial and conduct the trial on behalf of Plaintiffs, if required.

3. The undersigned affirms that "Trial counsel was deemed necessary for Plaintiffs early on in the instant matter if the event the instant action goes to trial because the undersigned would be unable to effectively participate in the instant case both as a plaintiff and as counsel at a jury trial. Additionally, Plaintiffs believed it would be important to incorporate trial counsel early in the case to avoid problems associated with obtaining independent trial counsel immediately prior to trial." *See* Affidavit in Support of Plaintiffs' Motion for Continuance attached hereto as Exhibit "A."

4. Moreover, "… the undersigned had periodically communicated with trial counsel throughout the instant action to keep trial counsel up to date and with the goal of preparing the case for trial." *Id*. at ¶ 3.

5. Defendant previously moved the Court for an order disqualifying the undersigned from representing Plaintiffs in this matter based on perceived conflicts. See [D.E. 140].

6. While Defendant's foregoing motion was dismissed, Magistrate Matthewman independently discussed concerns with the undersigned, a co-plaintiff in this case, representing Plaintiffs in this cause.

7. The undersigned represented to this Court and Defendant that the undersigned would not be representing Plaintiffs as trial counsel in this cause.

8. Beginning on September 23, 2022, Plaintiffs became concerned that Trial Counsel appeared disinterested in representing Plaintiffs at trial.

9. Concerned about Trial Counsel's intent to represent Plaintiffs at trial, and with the understanding that Plaintiffs require independent trial counsel to represent Plaintiffs in the instant action at trial, the undersigned started making inquiries to colleagues directed at procuring backup trial counsel out of an abundance of caution. *See* Affidavit in Support of Plaintiffs' Motion for Continuance attached hereto as Exhibit "A."

10. September 26, 2022 was a Jewish holiday and Trial Counsel was unavailable to meet with Plaintiffs to discuss Plaintiffs' foregoing concerns.

11. On September 27, 2022, Plaintiffs were informed that Plaintiffs' retained trial counsel was terminating the agreement to represent Plaintiffs at trial.

12. Plaintiffs' trial counsel's decision not to represent Plaintiffs at trial was based on irreconcilable differences, was not foreseeable by Plaintiffs, and was completely beyond

Plaintiffs' control. *See* Affidavit in Support of Plaintiffs' Motion for Continuance attached hereto as Exhibit "A."

13. Plaintiffs continued meeting with numerous law firms in an attempt to obtain replacement counsel on short order with the hopes that obtaining replacement counsel would not interrupt the trial timelines set by the Court.

14. Based on the conduct by Defendant which gave rise to the instant action, wherein he physically threatened and defamed the undersigned on the internet based solely upon the fact that the undersigned represented an opposing party in another Federal case in which Defendant was the subject of a lawsuit, it was exceeding difficult to procure an attorney to agree to represent Plaintiffs at trial, and now Plaintiffs, through no fault of their own, have been placed back at "square one" and the task has been further complicated by the fact that trial is scheduled to commence on the November 2022 trial calendar, which is approximately 5 weeks out, and perspective trial counsel would need both availability and time to become intimately familiar with the facts and evidence such that competent representation could be provided.

15. The timing of trial and Defendant's conduct which gave rise to the instant action were repeatedly cited as a basis for perspective trial counsel's refusal to represent Plaintiffs at trial.

16. Notwithstanding the foregoing, Plaintiffs have been able to procure perspective replacement trial counsel, Robert Buschel, Esq. *See* Affidavit in Support of Plaintiffs' Motion for Continuance attached hereto as Exhibit "A."

17. However, Mr. Buschel requires time to adequately familiarize himself with the facts and evidence of this case, and has a longstanding obligation to attend trial in another matter

which is scheduled to commence concurrent with the trial calendar for the instant action. Consequently, perspective trial counsel's employment is conditioned upon Plaintiffs ability to successfully procure a continuance of the trial in this cause to the Court's December trial calendar or as soon thereafter as the matter may be heard. *See* Affidavit in Support of Plaintiffs' Motion for Continuance attached hereto as Exhibit "A."

18. Moreover, Mr. Buschel has agreed to immediately file a notice of appearance in this matter upon the Court's entry of an order continuing trial to the next available trial calendar, December 2023 (or later), and has authorized the undersigned to represent same to the Court in the instant motion.

19. Additionally, an order extending the upcoming pretrial deadlines regarding joint pretrial stipulations, depositions designations and counter-designations, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law would not be prejudicial to the Parties because the Parties both have outstanding cross-motions for summary judgment and motions in limine, which may result in the Parties amending the foregoing documents, if the Parties are required to file same in advance of the Parties' outstanding cross-motions.

## LEGAL ARGUMENT

20. "The decision whether to grant a continuance is within the sound discretion of the trial court." *Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010) (citing *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991)) (further citations omitted). "Yet such discretion is not without its limits; in this district a court may grant a continuance of a trial 'only on exceptional circumstances.' S.D. FLA. L.R. 7.6. Nor may a court deny a continuance when the need for one is warranted." *Id.*

21. The Eleventh Circuit considers four factors when reviewing whether a trial court has abused its discretion in denying a party's motion for continuance: "1) the diligence of the party requesting the continuance to ready the case prior to the date set for hearing; 2) the likeliness that the need for continuance could have been met if a continuance was granted; 3) the extent to which granting the continuance would have been an inconvenience to the court and the opposing party, including its witnesses; and 4) the extent to which appellant might have suffered harm as a result of the denial." *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990) (citing *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987)); see also *Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008) (citing *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005)). A district court's decision in this regard "will not be overturned unless the denial is arbitrary or unreasonable." *Fowler* at 1093-94 (citation omitted).

A) **The diligence of the party requesting the continuance to ready the case prior to the date set for hearing;**

22. The Eleventh Circuit has held that "… Defining the word "diligence" at a higher level of generality, there is not much dispute about the Plaintiffs' diligence: they have met their deadlines, have asked for few enlargements of time, and have been prepared." *Gastaldi*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010).

23. Similar to *Gastardi*, Plaintiffs have met their deadlines, have asked for a few enlargements of time[1] and have otherwise been prepared.

24. Unquestionably, Plaintiffs have been diligent to ready the case for trial. In fact, Plaintiffs have had to go above and beyond to ready this case for trial in order to overcome

---

[1] Plaintiffs' requests for enlargements of time have generally been a result of Defendant's dilatory conduct.

Defendant's efforts to undermine all of Plaintiffs' discovery concepts, which Magistrate Matthewman has described as a "… never-ending quagmire because of what appears to the court to be dilatory and obstructionist behavior by the defendant." *See* Transcript from December 28, 2021 Hearing [D.E. 134-1] at Pg 4, Ln 22 through Pg 5, Ln 1.

25. Moreover, Plaintiffs have even had to depose Defendant <u>twice</u> as a result of Defendant's conduct at Defendant's first deposition which Magistrate Matthewman described as "…the defendant's behavior in this case at the deposition was really beyond outrageous and obstructionist ridiculous and outrageous." <u>Id</u>. at Pg 5, Ln 2-9.

26. Plaintiffs submit that the record in this matter supports the fact that Plaintiffs have diligently readied the case prior to the date set for trial and that this elements weighs in favor of the Court continuing the trial to the December 2023 trial period, or later.

**B) The likeliness that the need for continuance could have been met if a continuance was granted;**

27. Since September 27, 2022, when Plaintiffs officially received notice that prior trial counsel would not represent Plaintiffs at trial, Plaintiffs have diligently contacted and attempted to retain replacement legal counsel from numerous law firms. However, Plaintiffs were repeatedly unable to retain counsel based, in part, on scheduling conflicts, the amount of time perspective counsel would have to prepare for trial, and the conduct undertaken by Defendant against an opposing party's counsel, which gave rise to the instant action.

28. Notwithstanding the foregoing, Plaintiffs are in the process of retaining experienced trial counsel, Robert Buschel, Esq., who has agreed to immediately file an appearance in this case on the condition that Plaintiffs procure an order continuing the trial in this matter until the following trial calendar, December of 2022 (or later), as a result of Mr. Buschel's

existing trial conflicts and the amount of time Mr. Buschel requires to become familiar with the facts and evidence in this cause, in order to permit Mr. Buschel to properly represent Plaintiffs at trial. Moreover, Mr. Buschel has authorized the undersigned to represent same to the Court in the instant motion.

29. Based on the foregoing, it is unequivocal that if Plaintiffs are granted a continuance, the need giving rise to Plaintiffs' motion, would be met and this element weighs in favor of the Court granting Plaintiffs' Motion to Continue trial.

**C) The extent to which granting the continuance would have been an inconvenience to the court and the opposing party, including its witnesses; and**

30. The calendar call is scheduled to be held on November 1, 2022, which is 30 days from filing of the instant motion.

31. Moreover, the 2-week trial calendar does not commence until November 7, 2022,[2] which is approximately 5 weeks from the date of the instant motion and the exact date of trial has yet to be determined. In fact, the Court has yet to determine if the trial will take place on the November trial calendar.

32. In the meet and confer between the Parties, Defendant objected to Plaintiffs' motion to continue trial based on Defendant's claim that Defendant would be greatly inconvenienced if the trial were continued based on the following: Defendant "has made travel arrangements and scheduling accommodations to be present during the trial period." and "Mr. Proman's counsel has also made scheduling accommodations for the current trial period."

---

[2] Whether the trial will be herd on the November trial calendar and the exact date trial is scheduled to commence has yet to be determined by the Court.

33. Plaintiffs are not aware of any witnesses that will be prejudiced by the Court continuing the trial to the December trial calendar.

34. More importantly, Plaintiffs submit that continuing the trial to the December trial calendar would be more convenient to the Court based on numerous circumstances: first, the trial would likely be streamlined when Plaintiffs are represented by Mr. Buschel, who is not also a party to the instant action; second, the Court will not be burdened by the complexities associated with one of the Parties also acting in the capacity of legal counsel; finally, the Court has yet to enter orders on the Parties cross-motions for summary judgment and cross-motions in limine, which may result in the parties having to amend their respective pre-trial filings, and further streamline the trial.

35. Based on the foregoing, Plaintiffs submit that this element also yields in favor of the Court granting Plaintiffs' motion to continue the trial.

**D) The extent to which appellant might have suffered harm as a result of the denial.**

36. The Eleventh Circuit has held that denials have been held to cause prejudice where, for example, a party needed time to obtain new counsel…" *See Anderson v. Sheppard*, 856 F.2d 741, 748-49 (6th Cir. 1988); *Gaspar v. Kassm*, 493 F.2d 964, 969 (3d Cir. 1974); *Smith-Weik Mach. Corp*.,423 F.2d at 844-45; *WRIGHT MILLER*, supra, § 2352, at 400-01 nn. 12-13.

37. "Trial counsel was deemed necessary for Plaintiffs early on in the instant matter if the event the instant action goes to trial because the undersigned would be unable to effectively participate in the instant case both as a plaintiff and as counsel at a jury trial." *See* Affidavit in Support of Plaintiffs' Motion for Continuance, ¶ 2, attached hereto as Exhibit "A."

38. Consequently, "Plaintiffs will be severely prejudiced if they are not able to procure replacement trial counsel who is afforded sufficient time to become familiar with the instant action." *See* Affidavit in Support of Plaintiffs' Motion for Continuance, ¶ 11, attached hereto as Exhibit "A."

39. In addition to the foregoing, Local Rule 7.6 entitled "CONTINUANCES OF TRIALS AND HEARINGS" states "A continuance of any trial, pretrial conference, or other hearing will be granted only on exceptional circumstances. No such continuance will be granted on stipulation of counsel alone. However, upon written notice served and filed at the earliest practical date prior to the trial, pretrial conference, or other hearing, and supported by affidavit setting forth a full showing of good cause, a continuance may be granted by the Court."

40. Ina accordance with Local Rule 7.6, Plaintiffs has included an affidavit which sets forth Plaintiffs' full showing of good cause for Plaintiffs' Motion to continue. *See* Affidavit attached hereto as "Exhibit A."

WHEREFORE Plaintiffs respectfully requests the Court to determine that the factors weigh in favor of a continuance and establish a sufficient factual basis for the Court to find "exceptional circumstances," exist for the Court to continue the trial in this case, which is scheduled to commence on a date, yet to be determined, on the two-week trial calendar commencing on November 7, 2022, until the December trial calendar (or later), and for the Court to find good cause exists to continue all outstanding pretrial deadlines in accordance with the trial continuance, in order to allow Plaintiffs' perspective trial council to any further relief that the Honorable Court deems just and proper.

Meet and Confer Certification

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and was advised that, despite Defendant's prior motion filed with the Court wherein Defendant demanded that the undersigned be disqualified as counsel for Plaintiffs, Defendant objected to all relief sought herein based upon Defendant's claims that Defendant has already made travel arrangements/ accommodations for the trial in this case and Defendant's counsel claims to have made scheduling accommodations for the November trial calendar.

Respectfully submitted

By: /s/ Adam Ludwin
Adam M. Ludwin, Esq.
FL Bar No.: 101742

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document has been served upon all parties of record via CM/ECF on this 3rd day of October, 2022.

Ludwin Law Group, P.A.
85 SE 4th Avenue, Suite 108
Delray Beach, FL 33483
Tel: 561-455-4455
Email: Adam@LudwinLaw.com

By: /s/ Adam Ludwin
Adam M. Ludwin, Esq.