**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-cv-81755-SMITH/MATTHEWMAN**

ADAM M. LUDWIN, *et al.*,

      Plaintiffs,

vs.

MATTHEW B. PROMAN,

      Defendant.

_____/

**DEFENDANT MATTHEW PROMAN'S RESPONSE TO**
**PLAINTIFFS' EXPEDITED MOTION FOR RELIEF AND TO CONTINUE TRIAL**

Defendant Matthew Proman submits this response to Plaintiffs' "*expedited motion*[1] for

relief from the Court's amended scheduling order and to continue trial scheduled for the two week

trial calendar beginning on November 7, 20222 [sic] and to extend all pending pre-trial deadlines."

**I. INTRODUCTION**

There is no good reason—and certainly not good cause—to continue the trial or to extend

the one remaining pretrial deadline in this case. Plaintiffs' arguments in support of a continuance

are largely contrived and entirely of their own making.

This case—a straightforward defamation action—is now over two years old. During the

entirety of that time, Plaintiffs' chosen counsel, Mr. Ludwin, has insisted on representing himself,

Ms. Zeitlin, and Ludwin Law Group. *See, e.g.*, Jan. 7, 2022 Order [ECF No. 124] 3 (seeking

---

[1] Plaintiffs say the "Motion is being filed on an expedited basis" in part because "Defendant's counsel has advised that Defendant intends not to file a response to the instant motion until after the October 7, 2022 deadline[.]" Mot. p.1. This is not accurate. During the parties' meet and confer, Mr. Proman's counsel advised Plaintiffs' counsel that absent an order from the Court, Mr. Proman's response to Plaintiffs' Motion will be due *after* the October 7 pretrial submission deadline and that the mere filing of a motion for an extension of time will not toll the deadline. Mr. Proman thus requested the parties discuss, prepare, and confer—in good faith—to meet the Court's October 7 deadline, which has been in place since March 4, 2022. *See* [ECF No. 174].

attorney's fees and arguing "Ludwin is not simply a *pro se* litigant" but also "appearing on behalf of the two other Plaintiffs in this case"). Indeed, no other attorney has filed a notice of appearance; no other attorney has appeared on record for Plaintiffs; and no order of withdrawal for any Plaintiffs' attorney has been entered. Rather remarkably, Plaintiffs have now filed, with trial approximately one month away, an expedited Motion asking this Court to move the trial date in order to rescue Plaintiffs from their failure to diligently pursue trial and independent counsel, citing a "September 23, 2022 . . . concern[] that Trial Counsel appeared disinterested in representing Plaintiffs at trial." Mot. ¶ 8. Simply put, the trial date in this case should stand and Plaintiffs' Motion should be denied.

## II. STANDARD

This Court has broad discretion when managing its cases in order to ensure that the cases move to a timely and orderly conclusion. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). In determining whether to grant or deny a continuance of trial, the Court considers: "(1) the moving party's diligence in his efforts to prepare his case before trial; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and (4) the extent to which the moving party might have suffered harm as a result of the district court's denial." *DeJesus v. Lewis*, 14 F.4th 1182, 1202 (11th Cir. 2021). To that end, Local Rule 7.6 provides that trial continuances are to be granted "only on exceptional circumstances[,]" and "upon written notice served and filed at the earliest practical date prior to the trial, pretrial conference, or other hearing, and supported by affidavit setting forth a full showing of good cause, a continuance may be granted by the Court." Further, Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause."

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM

### III. ARGUMENT

**A. Plaintiffs did not diligently prepare this case for trial.**

The first factor this Court considers when deciding whether to grant or deny a continuance is the extent of Plaintiffs' diligence in their efforts to ready this case for trial. Rather than concede their own lack of diligence, Plaintiffs improperly seek to shift the blame to Mr. Proman for their last-minute Motion for continuance and extension of the sole pretrial deadline. This effort is entirely unavailing. Even a cursory review of the *relevant* facts, not Plaintiffs' *selective* recap of the acrimonious invective that proliferated this docket earlier in the case or inaccurate narratives, plainly reveals Plaintiffs' finger pointing to be both misdirected and meritless.

In March and April 2022, the Court issued a *Second Amended* Scheduling Order and a *Final* Scheduling Order, setting this matter—on two separate occasions—for calendar call on November 1, 2022 and for trial during the Court's two-week calendar beginning on November 7, 2022. *See* Mar. 4, 2022 Order [ECF No. 174]; Apr. 22, 2022 Order [ECF No. 197]. All discovery was completed shortly thereafter, on May 13, 2022. *See id.* The Court also referred this matter for a settlement conference on April 27, 2022, which was scheduled for July 21, 2022. *See* [ECF Nos. 199, 200]. The parties held settlement negotiations on July 21, 2022, but no settlement was reached. *See* [ECF No. 220]. In other words, on July 21, 2022—seventy-four days before they filed the present Motion—Plaintiffs, at the latest, were well aware this case was proceeding to trial in early November 2022 unless Defendant's motion for summary judgment is granted.[2]

---

[2] Plaintiffs could not credibly think their motion for summary judgment would negate the need for a trial. In *Plaintiffs' own words* in *their* reply in support of summary judgment: (1) "Plaintiffs are not entitled to summary relief on unpled defamation *per se* claims[,] Reply in Supp. Summ. J. [ECF No. 214] 4; (2) "Plaintiffs are not entitled to relief on their intentional infliction of emotional distress claim[,] *id.*; and (3) "Plaintiffs are not entitled to *summary judgment* on their claim for injunctive *relief*[,]" *id.* 5 (emphasis in original).

3

The theme of Plaintiffs' Motion is they would have been ready for trial, with counsel who has yet to appear or participate in this action, but for "Defendant's efforts to undermine all of Plaintiffs' discovery concepts[.]" Mot. ¶ 24. This is disingenuous and demonstrably false. The Court's recent Scheduling Orders clearly state that trial is set during the Court's November 7, 2022 two-week trial calendar. *See* Mar. 4, 2022 Order; Apr. 22, 2022 Order. Equally important, all of Plaintiffs' (near-frivolous) discovery disputes were resolved on April 20, 2022. *See* Apr. 20, 2022 Order [ECF No. 196]. Plaintiffs cannot point to single "effort[]" that Mr. Proman exerted to deter, hinder, or otherwise prevent Plaintiffs from being ready for trial during the period set by the Court's *second amended* and *final* Scheduling Orders and Plaintiffs' Motion. Plaintiffs can hardly show, under these facts, that they exercised diligence in preparing their case for trial.

Still, Plaintiffs cite to a *single* "concern[]" they learned "[b]eginning on September 23, 2022"—that is, "Trial Counsel appeared disinterested in representing Plaintiffs at trial." Mot. ¶ 8; *see also* Aff. in Supp. [ECF No. 222-1] ¶ 4 (noting a meeting with trial counsel on September 23, 2022). In other words, Plaintiffs did nothing to prepare this case for trial, and were not met with any hinderance or delay on Mr. Proman's part, from March 4, 2022 until September 23, 2022— over a six-month period and at Plaintiffs' own delay. Even assuming Plaintiffs first recognized that this case was destined for trial following the settlement conference, Plaintiffs did nothing for sixty-four days—from July 21, 2022 to September 23, 2022—to prepare this case for trial. Apparently, Plaintiffs have done nothing to prepare this case for trial since the Court's Scheduling Orders and settlement conference, and now seek to again ask this Court to delay resolution of this case (and inconvenience Mr. Proman and his counsel) in order to finally spend the necessary time to prepare their case and retain trial counsel. That Plaintiffs wrongly assumed they could prepare for trial or gauge counsel's interests on September 23 does not excuse Plaintiffs' lack of diligence.

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM

In short, the first factor weighs strongly against a continuance. Plaintiffs had control over the situation and could have acted proactively in preparing for trial with counsel (who had yet to formally appear in this matter) from this case's inception or at the very latest, July 21, 2022. They chose instead to sit idly until September 23, 2022—nearly two years after this case was initiated. *Cf. MacNeil v. Bengal Props, Inc.*, No. 20-62038-Civ, 2022 WL 2230250, at *2 (S.D. Fla. Feb. 9, 2022) (finding no good cause to modify a scheduling order where there was no question the plaintiffs' actions would lead to a lengthy delay of the impending trial).

## B. Plaintiffs' need for a continuance is nonexistent.

The second factor examines the likelihood that the need for a continuance could be met if the continuance is granted. While it is probable that if the trial is continued, Plaintiffs' specific, chosen counsel may be available, it is also certain that if trial is not continued, Plaintiffs' specific, chosen counsel, one that has appeared and substantively participated in this proceeding, will be available. This factor thus weighs in favor of Mr. Proman.

Plaintiffs' own decisions and actions have caused their current difficulties. Throughout this proceeding, Plaintiffs have insisted on Mr. Ludwin being counsel of record. Indeed, no other attorney has appeared in this matter, nor has any other attorney, save for Mr. Ludwin, substantively participated in this action, resulting in a number of issues and conflicts between Mr. Ludwin and Mr. Proman in this case's two-year existence. Mr. Ludwin has filed a plethora of motions, including evidentiary and dispositive motions, propounded discovery, designated experts, served witness disclosures, and has taken multiple depositions in this matter—all of which were done without the aid of "Trial Counsel." There is simply no basis to find that Mr. Ludwin, an attorney, would be incapable of putting on a case if new counsel could not be present.

Most critically, Plaintiffs' newly retained counsel is not the only lawyer who could pursue Plaintiffs' claims at trial. Mr. Ludwin has represented Plaintiffs, Ms. Zeitlin and Ludwin Law

5

Group in this matter, and Mr. Ludwin is familiar with the record. Notably absent from Plaintiffs' expedited Motion is any reference to the representation of these Plaintiffs or why it is necessary to obtain new trial counsel for them. *See generally* Mot. What's more, Mr. Ludwin testified that Ludwin Law Group is a "boutique law firm" and that "[t]here is one other attorney that is of counsel that [Mr. Ludwin] do[es] work with." Pl. Ludwin Dep. Tr. [ECF No. 217-2] 8:13-21. This attorney, Lauren Peffer, is at Ludwin Law Group "all the time" and Mr. Ludwin and her have "worked together and consulted on cases together for years." *Id.* 9:9-20. Plaintiffs provide no explanation why Ms. Peffer, who is at Ludwin Law Group "all the time" and has worked directly with Mr. Ludwin "for years," *see id.*, cannot prepare and try this case as co-counsel with Mr. Ludwin, especially considering the fact "trial is approximately 5 weeks from the date of the instant motion," Mot. ¶ 31. Not only that, the issues have been narrowed and brought into focus by the parties' summary judgment motions, motions *in limine*, and a *Daubert* motion. Five weeks remain until the trial, leaving ample time for co-counsel (or any new counsel) to prepare adequately.

In sum, this factor weighs in favor of Mr. Proman. *See DeBose v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-2787, 2018 WL 8919849, at *3 (M.D. Fla. Sept. 2, 2018) (finding the second factor weighed in favor of defendants where plaintiff represented herself *pro se* for a portion of the proceedings and sought to prolong the case by attempting to obtain competent counsel on the eve of trial); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008) (noting that as to the second factor "[i]t is well-settled that a district court may deny a continuance when there is no guarantee that granting one will enable a party to [meet the need for the continuance]").

## C. A continuance would greatly prejudice Mr. Proman and inconvenience this Court.

The third factor this Court considers is the extent to which granting the continuance would have inconvenienced the Court and opposing party—here, Mr. Proman.

6
GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ www.gsgpa.com

A continuance would greatly inconvenience and prejudice Mr. Proman. Mr. Proman has incurred enormous expense defending this case for two years against Plaintiffs and their chosen counsel, Mr. Ludwin—counsel Plaintiffs were perfectly content to live with for the duration of this case. Mr. Proman is finalizing trial accommodations and is scheduled to be present for the Court's two-week trial calendar. Mr. Proman is also ready for trial and finalizing trial preparations, including preparing his portion of the joint pretrial stipulation, exhibit and witness lists, proposed jury instructions and verdict form, as well as trial outlines and strategy. Mr. Proman would incur enormous, duplicative expense if forced to halt trial preparations in light of Plaintiffs' belated continuance request. Further, given the Court's *final* Scheduling Order, Mr. Proman's counsel have tailored their schedules around this trial date. Re-scheduling the trial date would result in significant inconvenience, especially considering Plaintiffs' proposed time schedule of a "December trial calendar (or later)," Mot. p.10, during which time Mr. Proman's counsel already has prepaid holiday travel plans. This delay is also unreasonable in light of the fact that *five* weeks remain before trial in a defamation case. This action should proceed to trial as scheduled.

Likewise, a grant of continuance would inconvenience the Court.[3] The relevant inquiry is whether the Court would be forced to conduct additional work for this trial which it otherwise would not. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding."). Here, the Court would doubtless have to hear additional motions. Plaintiffs have already cluttered the docket with motions and have relentlessly sought to disparage Mr. Proman in their filings. *See,*

---

[3] Plaintiffs proclaim that "continuing the trial to the December trial calendar would be more convenient to the Court based on numerous circumstances[.]" Mot. ¶ 34. Plaintiffs should not be permitted to manipulate the delay they themselves have created against Mr. Proman and use the inconveniences they themselves created with the Court to procure a continuance.

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM

*e.g.*, Mot. ¶ 14 (insinuating Plaintiffs have been unable to engage an attorney because of Mr. Proman's alleged "physical[] threat[s] and defam[ation]"). Another delay in trial merely gives Plaintiffs other opportunities in which to continue this practice. Mr. Proman is ready to resolve this matter and is certain a timely trial is in the interests of justice and judicial economy.

In sum, a continuance would greatly prejudice Mr. Proman and inconvenience this Court. This factor weighs against a continuance and in Mr. Proman's favor.

### D. Plaintiffs will not be prejudiced if the Motion is denied.

The fourth relevant factor assesses prejudice and also counsels against grant of a continuance. To the extent that Plaintiffs will be harmed in any way as a result of this Court's denial of a continuance, any such harm will not be prejudicial within the meaning of the Eleventh Circuit case law, as it will have resulted from Plaintiffs' own calculated decisions. *See Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1351 (11th Cir. 2003) (citing cases for the proposition the fourth factor considers not simply harm to the moving party but extreme prejudicial harm). Put differently, any harm that Plaintiffs may suffer should this Court deny their request for a continuance cannot be characterized as prejudicial because it would merely flow from the operation of their own conduct. Plaintiffs, not anyone else, (1) elected not to have co-counsel appear and substantively participate in this case; (2) sought to gauge their co-counsel's interest on the eve of trial; and (3) proceeded with Mr. Ludwin as counsel of record for two years.

On this point, *Arabian American Oil Co. v. Scarfone*, 939 F.2d 1472 (11th Cir. 1991), is illuminating. There, the Eleventh Circuit explained that a "lawyer's withdrawal does not afford a party an absolute right to a continuance." *Id.* at 1479. Rather, the burden, the court clarified, is affirmatively on the moving party to establish that it did not negligently contribute to the lack of ample time to prepare new counsel or seek a continuance. *See id.* 1479 & n.17. The Eleventh

Circuit held the district court did not err "in denying [the moving party's] motion for a continuance after permitting his attorney to withdraw two days prior to trial." *Id.* at 1479. *Scarfone* is directly on point and compels denial of Plaintiffs' request for continuance. Plaintiffs' negligence here directly contributed to their delayed requested for a continuance. *See id.*; *Lindsey v. Comm'r of IRS*, 42 F.3d 1400, 1994 WL 616615, at 2-3* (9th Cir. 1994) (no abuse of discretion found where the court afforded seven days to prepare the case for trial following request to find new attorney).

Equally dispositive, Plaintiffs will not be prejudiced by the denial of a continuance, as Plaintiffs have no absolute legal right, constitutional or otherwise, to counsel of their choice. *See Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."). In fact, in a civil case, such as this one, a party has no right to counsel at all. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) ("A plaintiff in a civil case has no constitutional right to counsel.").

The cases cited by Plaintiffs do not support their request for a continuance. Plaintiffs first say that the "Eleventh Circuit has held that denials have been held to cause prejudice where, for example, a party needed time to obtain new counsel," Mot. ¶ 36, citing—rather confusingly—a *Sixth Circuit* decision, *see Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988). In *Anderson*, the plaintiff's counsel withdrew two days before the scheduled trial date, and the district court denied the plaintiff's request for a continuance to familiarize new counsel in a complicated case. *See* 856 F.2d at 748. In reversing, the *Sixth Circuit* found that "the district court was *hostile* toward [the plaintiff] not only because he had successfully appealed the district court's earlier disposition of the case, but also because he refused to accept the settlement offer tendered by [a defendant]." *Id.* at 749 (original emphasis). *Anderson* is not analogous to the facts presented here. This case

involves no hostility from the Court and is a straightforward defamation case. There is no risk that the Eleventh Circuit would consider denial of a continuance arbitrary or unreasonable. *See* Mot. ¶ 36 (citing *Gaspar v. Kassm*, 493 F.2d 964, 969 (3d Cir. 1974)—a case involving a party's illness).

In short, the fourth factor strongly weighs in Mr. Proman's favor.

**E. Plaintiffs' request to extend pretrial submission deadline is without merit.**

Plaintiffs say the Court should extend the October 7, 2022 deadline because they require "the assistance of trial counsel" to prepare the submissions and cite the possibility of "having to amend their respective pre-trial filings." Mot. p.1, ¶ 34. These arguments are absurd. Plaintiffs' counsel has filed numerous motions, including evidentiary and dispositive motions, designated experts and responded to a *Daubert* motion, attended court hearings and depositions, submitted witness lists, and responded to discovery throughout the two years of this case. Now, on the eve of trial, and all of a sudden, Plaintiffs claim to need the assistance of trial counsel to submit ordinary and routine pretrial submissions. Equally confusing, Plaintiffs claim that the pending motions before the Court will create the need to amend these filings and thus good cause is established. Following Plaintiffs' logic, every time a motion is pending at the pretrial submission deadline, good cause is presumed. This is not, and cannot be, the law. Indeed, one salutary purpose, among many, of pretrial submissions is that the deadline allows the parties to discuss in good faith the logistics of trial and other matters *well-before* calendar call. Mr. Proman is ready for the parties to engage in this process and prepare this case for trial. Plaintiffs' near-frivolous arguments should be rejected.

## IV. CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiffs' expedited Motion. All of the relevant factors weigh heavily in favor of Mr. Proman.

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ WWW.GSGPA.COM

Dated: October 5, 2022

Respectfully Submitted,

*/s/ Daniel S. Gelber*
DANIEL S. GELBER
Florida Bar No. 512877
dan@gsgpa.com
BARBARA R. LLANES
Florida Bar No. 1032727
bllanes@gsgpa.com
ANDREW T. FIGUEROA
Florida Bar No. 1002745
afigueroa@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
SunTrust International Center
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

*Counsel for Defendant Matthew Proman*