IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-81755-SMITH

ADAM M. LUDWIN, ESQ.,
LUDWIN LAW GROUP, P.A.
and JOANNA ZEITLIN,

      Plaintiffs,

v.

MATTHEW B. PROMAN aka
"MATT" PROMAN,

      Defendant.

_____/

## PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE

Plaintiffs, through counsel, moves this Honorable Court for an order in limine regarding the below evidentiary matters.

## I. Defendant's Fifth Amendment invocation is admissible

"Claiming the Fifth Amendment privilege against self incrimination during discovery in a civil action is permissible." *McCarthy v. Sherwin-Williams Co.*, 2005 WL 8159482, at *2 (M.D. Fla. Mar. 4, 2005), *report and recommendation adopted,* 2005 WL 8159483 (M.D. Fla. Mar. 16, 2005) (citing *Securities and Exchange Commission v. Graystone Nash, Inc.,* 25 F.3d 187, 190 (3d Cir. 1994)). "However, unlike a criminal case reliance on the Fifth Amendment in a civil case can give rise to an adverse inference to the party claiming the privilege." *Id.* (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318, (1976)). Thus, Defendant's Fifth Amendment claim during discovery should give rise to an adverse inference through admitting that inference and in a jury instruction. *Id.*

As Magistrate Judge Matthewman found, there is significant overlap in the facts alleged in the pending civil matter in this district and criminal matter in California state court. [ECF No. 74 at 4]; *See also* [ECF No. 12] (Proman notice). Defendant invoked and repeatedly misused his Fifth Amendment in the pendency of this case. In Defendant's answer to the Amended Complaint, Defendant invoked his Fifth Amendment right regarding each and every factual allegation. [ECF No. 52]. Thus, the answer to the Amended Complaint is admissible through testimony and through a special jury instruction. In his first deposition, Proman *invoked* the Fifth Amendment to nearly every question. [ECF No. 74 at 4]. These invocations as responses to the questions presented are admissible.

Furthermore, Defendant's *misuse* of the invocation of his Fifth Amendment right was noted by the Magistrate Judge and also should be admissible. [ECF No. 74 at 4]. Such misuse is a form of consciousness of guilt and is probative of whether today's denial by Proman is true.

2

## II. Defendant's Status as a convicted felon is admissible

Defendant's felony conviction is partly based upon his conduct in this case – so it is highly relevant. Felony convictions are admissible under Federal Rule of Evidence 609(a)(1). A Rule 403 analysis does apply because this is a civil case. *See* Fed.R.Ev.609(a)(1)(A). "To the extent various drafts of Rule 609 distinguished civil and criminal cases, moreover, they did so only to mitigate prejudice to criminal defendants. Any prejudice that convictions impeachment might cause witnesses other than the accused was deemed 'so minimal as scarcely to be a subject of comment.'" *Green v. Bock Laundry Mach. Co.,* 490 U.S. 504, 515-16 (1989) (citing Advisory Committee's Note)).

Defendant pled "no contest" to a charge of cyberstalking in California. The plea of no contest does not preclude the admissibility of the conviction, however. *Green v. Croft,* 347 F.Supp.3d 1156, 1160-61 (S.D. Fla. 2018) (citing *Sharif v. Picone,* 740 F.3d 263, 271 (3d Cir. 2014)) ("Rule 410 does not bar the admission of a conviction resulting from a nolo plea, but rather prohibits only the admission of the plea itself").

As part of Proman's sentence, a criminal protective order was issued against him to stay away from Adam Ludwin and others. Thus, the felony conviction and the underlying reasons for the conviction are admissible against Ludwin.

### III. Defendant's other stalking offenses are admissible under Rule 404(b)

There were other victims in the underlying criminal case. Under Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, it may be admissible for other purposes, such as proving intent, absence of mistake, or lack of accident. Fed.R.Evid.404(b)(2)."To be admissible, (1) the evidence must be relevant to one of these issues rather than solely to the defendant's character, (2) the prior act must be proved sufficiently to permit the jury to determine by a preponderance of the evidence that the defendant committed the act, and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice and must otherwise satisfy Federal Rule of Evidence 403." *United States v. Aliaga*, 617 Fed. Appx. 971, 973–74 (11th Cir. 2015) (citation omitted). "When the state of mind required for the charged and extrinsic acts is identical, the evidence is relevant to the defendant's intent." *Id.* (citing *United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir.2001)).

Proman pled to the underlying felony where the other victims were part of the charges. The proof of relevant purposes is: motive, intent, opportunity, identification, common scheme, and punitive damages. *See id.* Proman asserted his Fifth Amendment right, and then denied the allegations. Evidence that Proman did not limit his cyberstalking campaign to Plaintiffs is evidence relating to Proman's denial that Ludwin triggered his usual *modis operandi* –don't defy Proman. When Ludwin did not resolve the underlying litigation in Proman's preferred manner, Proman attacked Ludwin and his then fiancée, now wife. He also did this to Emily Malinowsky, Arielle Reitsma, and her friend, Colby Cyburt, who also had no prior relationship with Proman. The fact that Proman participated in identical conduct is admissible under Rule 404(b).

4

### IV.     Other acts against Plaintiffs is admissible.

The outrageous conduct against Ludwin and Zeitlin is relevant under Federal Rule of Evidence 402. *See generally* Am. Compl. [ECF No. 51]; *see Busby v. City of Orlando,* 931 F.2d 764, 785 (11th Cir.1991). This case also alleges punitive damages. A jury is entitled to know if Defendant compounded his actions repeatedly in order to cause the maximum amount of harm to Plaintiffs. Defendant truncates his conduct in an attempt to make this case about something quantitatively and qualitatively lesser.

Defendant seeks to exclude: (1) defamation of non-parties; (2) FBI recordings; (3) the California criminal proceeding; and, (4) a civil harassment restraining order request. [ECF No. 215 at 5.] However, "[t]he dominant consideration in the evaluation of a punitive damages award is the reprehensibility of the defendant's conduct." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1283 (11th Cir. 2008) (citation omitted). Conduct that is *not isolated* also is admissible for punitive damages. *Id.* Other instances of conduct under Federal Rule of Evidence 404(b) permits other instances of conduct. *See supra,* III.

Here, Proman's entire campaign is admissible. Defendant Proman, under oath, filed a false police report and used the report to unlawfully obtain a restraining order against Ludwin. Proman filed that false report and restraining order with the Florida Bar, and then anonymously took to the internet and defamed Ludwin as a criminal and a disreputable lawyer; and, Zeitlin as a longstanding prostitute, who ended up marrying Ludwin, a client of hers, who now pimps her out during their marriage. These actions are alleged in the Amended Complaint and prove Proman's behavior is worthy of punitive damages because he discounts his tortious behavior.

### V. Financial Worth evidence is admissible.

Plaintiffs demanded punitive damages in the Amended Complaint. Defendant has not moved to bifurcate the trial. Defendant seeks, however, to split the trial issues in some fashion prior to an "(uncertain) stage." [ECF No. 215 at 5] (Def. Motion Limine). The Supreme Court stated as it pertains to punitive damages: "We recognized in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S. Ct. 1678, 149 L.Ed.2d 674 (2001), that in our judicial system compensatory and punitive damages, although usually awarded at the same time by the same decisionmaker, serve different purposes." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). Punitive damages are for punishing and deterring its repetition. *Id.* (citations omitted). In order for courts to avoid the pitfall of having a jury award "arbitrary deprivation of property," Jury instructions provide the "wide discretion" in choosing amounts after a presentation of evidence of a defendant's net worth." *Id.* at 417.

Defendant is a convicted felon based upon his behavior in this case. He also is on recorded phone conversations threatening and forecasting his behavior to Ludwin on more than one occasion, and then making good on those threats. Defendant also cyberstalked others during the same timeframe. If punitive damages are permitted, then evidence of net worth is admissible. *Campbell,* 538 U.S. 408, 439 n. 2. (2003) (citation omitted).

### VI. Exclude any reference to alcohol as a "controlled substance"

Defendant's defamatory publications include numerous statements which accuse Plaintiff, Adam Ludwin, of "having a history of issues with controlled substances and driving while intoxicated," made by Defendant on October 1, 2018 on ripoffreport.com. Ludwin does not dispute prior charges of driving while intoxicated, however, Ludwin has never had a "history of issues with controlled substances," which makes the statement false.

Florida Statute Section 893.03 provides an exhaustive list of controlled substances and alcohol is not on the list. The federal definition of "controlled substance" affirmatively does not include alcohol. 21 U.S.C. § 802(6). Thus, the classification is false. This false classification is unfairly prejudicial, under Rule 403, because it suggests Ludwin has a drug problem when there is no evidence of it. *See* Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). Furthermore, Defendant has not asserted truth as an affirmative defense. Again, his only defense is denial. Because stating that Ludwin has a substance abuse problem is false and unfairly prejudicial, Defendant must be precluded from making that reference or argument.

VII. **Defendant should be precluded from litigating the underlying admiralty matter.**

Defendant seeks to admit discussion of the Eastern District of New York arrest of Proman's vessel, Eastbound & Down. References to John Saltzman an employee of Global Maritime Security, Inc., the substitute custodian in the Eastern District of New York case who was terminated early as the custodian is irrelevant to this case. Saltzman's response to being terminated early is also irrelevant. The question in this case is did Defendant commit torts against Plaintiffs. The underlying litigation, allegations of fraud, and electronic devices placed on the vessel by a former client of Ludwin, Shane Ramos is irrelevant.

Again, Defendant has raised no affirmative defenses. None of the above could be relevant to the only defense of denial. Litigating the underlying admiralty matter is a side show that will distract from the ultimate issues in this case.

**Certification of Good-Faith Conference;
<u>Unable to Resolve the Issues Presented in the Motion</u>**

As required by Local Rule 7.1(a)(3), the undersigned certifies that Mr. Ludwin has conferred with Plaintiffs in a good-faith effort to resolve the issues raised herein. On June 20, 2022, the parties held a meet and confer by phone during which they discussed the substance of the present motion. The parties also held a meet and confer on June 22, 2022 to discuss additional substance of the motion. The parties were unable to reach an agreement, and Plaintiffs indicated that they oppose the motion in its entirety.

Respectfully submitted,

Robert C. Buschel, Esq.
BUSCHEL GIBBONS, P.A.
501 E. Las Olas Blvd., Third Floor
Fort Lauderdale, Florida  33301
Tele:  (954) 530-5748 (direct)
Email: Buschel@BGlaw-pa.com


By: __/s/ Robert C. Buschel_____
　　ROBERT C. BUSCHEL
　　Florida Bar No. 0063436

Ludwin Law Group, P.A.
85 SE 4th Avenue, Suite 108
Delray Beach, FL 33483
Tel: 561-455-4455
Email: Adam@LudwinLaw.com
<u>By: /s/ Adam Ludwin</u>
Adam M. Ludwin, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2022 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to the Parties and all interested parties receiving notices via CM/ECF.

BUSCHEL GIBBONS, P.A.

By: /s/ Robert C. Buschel
    Robert C. Buschel, Esq.

BUSCHEL GIBBONS, P.A.

BY: /s/ Robert Buschel
ROBERT C. BUSCHEL