UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-81755-SMITH

ADAM M. LUDWIN,
ESQ., LUDWIN LAW
GROUP, P.A., and
JOANNA ZEITLIN,

       Plaintiffs,                      PLAINTIFFS' MOTION FOR
                                               WITNESSES TO APPEAR AT TRIAL
                                               VIA ZOOM

vs.

MATTHEW B. PROMAN,

    Defendant.
_____/

       Plaintiffs, ADAM M. LUDWIN, ESQ., LUDWIN LAW GROUP, P.A., and JOANNA ZEITLIN ("Plaintiffs"), pursuant to Rules 43 and 45 of the Federal Rules of Civil Procedure, and, files this Motion for witnesses to appear at trial *via* Zoom, and in support thereof states as follows:

    1. Federal Rule of Civil Procedure 43 states: "In Open Court. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. *For good cause* in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

    2. Federal Rule of Civil Procedure 45 governs subpoenas. To compel a witness to attend a trial, the witness must reside or work within 100 miles of the Court or appear within the state

where the witness resides or is employed, if the witness is a party or party's officer or to attend a trial would not incur substantial expense.

3. "An overwhelming consensus of federal courts…have held that Rules 43(a) and 45 should be read in tandem." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 U.S. Dist. LEXIS 30070, at *18 (N.D. Fla. Feb. 18, 2022). *See also In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 6:11-md-2299, 2014 U.S. Dist. LEXIS 2231, 2014 WL 107153, at *9 (W.D. La. Jan. 8, 2014) ("[T]he two Rules embrace and address the concept of appearance at 'trial' to include contemporaneous live transmission from another location at the location of the Court.").

4. Moreover, "…a party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c). This is because the 100-mile limitation now found in Rule 45(c) has to do with the place of compliance; not the location of the court from which the subpoena issued." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 U.S. Dist. LEXIS 30070, at *18-19 (cleaned up).

5. With the modern developments and increased comfort with Zoom video-conferencing technology—particularly in light of the Covid-19 pandemic—federal courts, litigants, and jurors have become accustomed to remote proceedings like never before. Courts have recognized that modern video conferencing technology at trial "allows for near instantaneous transmission of testimony with no discernable difference between it and 'live' testimony, thereby allowing a juror to judge credibility unimpeded." *See Liu v. State Farm Mut. Auto. Ins. Co.*, 507 F. Supp.3d 1262, 1265 (W.D. Wash. 2020); *see also In re RFC and ResCap Liquidating Trust Action*, 444 F.

Supp.3d 967, 971 (D. Minn. 2020) ("Given the speed and clarity of modern videoconference technology, where good cause and compelling circumstances are shown, such testimony 'satisfies the goals of live, in-person testimony and avoids the short-comings of deposition testimony.'").

6. Federal courts have interpreted good cause for a witness to appear via Zoom at trial to include the inconvenience and expense of travelling from another state. *See FTC v. Swedish Match N. Am.*, 197 F.R.D. 1 (D.D.C. 2000) ("I am mystified as to why anyone would think that forcing a person to travel across the continent is reasonable when his testimony can be secured by means which are a) equivalent to his presence in court and b) preferable to reading his deposition into evidence. To prefer live testimony over testimony by contemporaneous video transmission is to prefer irrationally one means of securing the witness's testimony which is exactly equal to the other."), *see also Beltran-Tirado v. INS*, 213 F.3d 1179 (9th Cir. 2000) (permitting the use of telephonic testimony where witness not present in the jurisdiction and witness testimony subject to cross examination); *Belser v. SSA*, No. 20-12121, 2021 U.S. App. LEXIS 38191 (11th Cir. Dec. 27, 2021); *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prods. Liab. Litig.*, No. 3:11-md-2244-K, 2016 U.S. Dist. LEXIS 195409, 2016 WL 9776572, at **1-2 (N.D. Tex. Sept. 20, 2016) (granting leave of court for the Plaintiffs to "present testimony via contemporaneous video transmission for certain witnesses under Defendants' control that are unavailable to testify in the Northern District of Texas").

7. The Court on January 3, 2023, advised the parties that it has changed the starting date of trial from January 17, 2023 to January 30, 2023.

8. There are four out of state witnesses Plaintiffs have subpoenaed for trial and having them appear by Zoom will increase the efficient presentation of evidence. Furthermore, it would assist the witnesses to appear without having to fly to the Southern District of Florida and testify.

    a. Los Angeles County District Attorney investigator David Babcock.

    b. Corporate Representative of Bidmylisting.

    c. Joshua Altman, Los Angeles, California.

    d. Sameer Somal (expert), Washington, D.C. – he can appear if the trial starts on January 30, 2023; however, he is subpoenaed to testify outside the Southern District of Florida on February 6-8.

9. Due to the multi-state nature of this instant action, Plaintiffs require the live testimony of witnesses spanning from California to Washington, D.C.

10. Requiring the witnesses to travel across the continent is unreasonable when their testimony can be secured by equivalent contemporaneous video transmission.

11. Moreover, Defendants would not be prejudiced because there are adequate safeguards in place to protect the procedure.

12. In assessing the safeguards of such contemporaneous transmissions, the reviewing courts focus on whether the testimony was made in open court, under oath, and whether the opportunity for cross examination was available. *See Official Airline Guides, Inc. v. Churchfield Publications*, 756 F. Supp. 1393, 1399 n.2, *aff'd Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385 (9th Cir. 1993); *Beltran,* 213 F.3d at 1185-86.

13. In the present case, Plaintiffs are requesting the witnesses be able to testify through live video in open court, under oath, giving Defendant the opportunity to cross-examine the witnesses.

14. All of these witnesses are witnesses with testimony of less than a half-an-hour in time, except for Somal (computer reputation evidence).

15. The testimony is required from these witnesses because Defendant has not stipulated to

exhibits such as the factual basis for Defendant's underlying conviction in Los Angeles and his corporate interest in Bidmylisting.

16. These witnesses are under subpoena with instructions to appear via Zoom at a conference center within 100 miles of their residence. Court reporters offices where testimony can be taken will provide a computer and a quiet environment during testimony. *See HGR Constr., Inc. v. Hanover Ins. Co.,* 618CV1406ORL40LRH, 2020 WL 12604699, at *1 (M.D. Fla. Nov. 13, 2020).

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter an order granting this Motion for witnesses to appear at trial via Zoom, and any other relief this Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Counsel for Plaintiffs before filing this motion, conferred with counsel for Defendant on January 9, 2023, via telephone, and Defendant's oppose the relief requested herein. Defendant suggested asking the court for a date certain for trial. Plaintiffs would like to begin trial on January 30, 2023.

Respectfully submitted,

\_\_\_/s/\_\_Robert Buschel_____
Robert C. Buschel
Florida Bar No. 0063436

BUSCHEL GIBBONS, P.A.
501 East Las Olas Boulevard
Third Floor
Fort Lauderdale, FL 33301
Tele:   (954) 530-5748 (direct)
Email: Buschel@BGlaw-pa.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to the Parties and all interested parties receiving notices via CM/ECF.

                                        BUSCHEL GIBBONS, P.A.

                                        By: /s/ Robert C. Buschel
                                               Robert C. Buschel, Esq.