UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81755-RS

ADAM M. LUDWIN, ESQ.,
LUDWIN LAW GROUP, P.A.,
and JOANNA ZEITLIN,

    Plaintiffs,

v.

MATTHEW B. PROMAN,

    Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO STRIKE REPORT AND PRECLUDE TESTIMONY OF EXPERT SAMEER SOMAL

This matter is before the Court on Defendant Matthew B. Proman's Motion to Strike Report and Preclude Testimony of Plaintiffs' Expert Sameer Somal at Trial [DE 202], Plaintiffs' Opposition [DE 207], and Defendant's Reply [DE 212]. Defendant moves to preclude Somal's testimony pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Defendant's Motion raises multiple grounds for preclusion: (1) Somal is not qualified to proffer expert testimony on the law or Plaintiffs' emotional distress because his experience is solely in digital marking and online reputation; (2) Somal did not utilize reliable methodology for his opinion on Plaintiffs' suggested damages award; and (3) Somal should not be permitted to testify to the costs of a reputational repair campaign because Plaintiffs have not shown that they are entitled to reputation repair costs as damages. For the reasons set forth below, Defendant's Motion will be granted in part.

Under Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The Eleventh Circuit has set out three requirements that an expert must meet before his opinions may be admitted: (1) "the expert must be qualified on the matter about which he intends to testify;" (2) "he must employ reliable methodology;" and (3) "the expert's testimony must be able to assist the trier of fact through the application of expertise to understand the evidence or fact in issue." *Hughes v. Kia Motors Corp.*, 766 F.3d 1317, 1329 (11th Cir. 2014).

      Defendant first argues that Somal should not be permitted to offer legal conclusions or opinions because his expertise is solely in digital marking and online reputation. Plaintiffs counter that, although Somal is not a licensed attorney, he has legal experience as a co-author of continuing legal education seminars for attorneys on the law of defamation and associated damages. Somal's expert report contains numerous legal conclusions and interpretations. In one section, for example, he discusses "Defendant's defamatory posts" while explaining that they were "rooted in malice." (Somal Report [DE 202-1] at 32.) In another section, he states that the posts about Plaintiffs were "slanderous and defamatory," "based on intent of malice," and that "defendant is directly responsible." (*Id.* at 84.) These opinions are not expert opinions but rather impermissible legal conclusions derived from Somal's own legal interpretations. Somal is not an attorney and thus not qualified to offer legal opinions or conclusions regarding Plaintiffs' claims. Discussion of "defamation *per se*," "defamation," "slanderous," "malice," "malicious intent," and "causation" cross the line from opinion to improper legal conclusions. *See United States v. Long*, 300 F. App'x 804, 814 (11th Cir. 2008) ("An expert may not testify as to his opinion regarding ultimate legal conclusions."). Accordingly, Somal may not testify as to his legal interpretation of Plaintiffs' claims

or his suggested legal conclusions.

Next, Defendant argues that Somal's testimony regarding Plaintiffs' suggested damages award should be precluded because he did not base this opinion on reliable methodology. Plaintiffs counter that Somal's methodology in arriving at a suggested damages award by collecting and analyzing past defamation cases is comparable to that employed by any licensed attorney. But, as noted above, Somal is not a licensed attorney, and an expert may not proofer testimony on his legal opinion or conclusions. Somal opines that Plaintiffs are entitled to an award of $12,060,000.00 in damages based in large part on his collection and analysis of defamation-case precedents nationwide. (*Id.* at 117.) This methodology is not sufficiently reliable, in particular when employed by a non-lawyer, and it is not generally accepted as a means to prove damages in any given defamation action. Furthermore, testimony on this speculative damage amount would needlessly confuse rather than assist the trier of fact in determining the proper scope of damages. Accordingly, Somal may not testify as to a suggested damages calculation based on his collection and review of prior defamation cases.

Finally, Defendant argues that Somal should not be permitted to testify to the costs of a reputational repair campaign because Plaintiffs have not shown that they are entitled to reputation repair costs as damages. Plaintiffs counter that these calculations are based on well-established methodologies that are generally accepted in the Online Reputation Management field and that they are entitled to recover such damages for their defamation claims. The Court will allow testimony on the costs of a reputation repair campaign because Plaintiffs' proffered expert is qualified to testify on this issue, one that will assist the trier of fact in understanding potential damages for Plaintiffs' defamation *per se* claims in particular. Somal's calculations are based on methodologies and analysis germane to the Online Reputation Management field; as such, they are sufficiently reliable and lend themselves to scientific testing and peer review. Furthermore, the costs of a reputational

repair campaign may assist the trier of fact in understanding potential damages associated with Plaintiffs' defamation *per se* claims, where special damages are recoverable, and Plaintiffs need not plead actual economic damages. *Campbell v. Jacksonville Kennel Club, Inc.*, 66 So. 2d 495, 497 (Fla. 1953). Accordingly, Somal may testify regarding his calculation of the cost of a reputational repair campaign and, for contextual purposes, background information on the field of Online Reputation Management and the nuances of digital reputational repair.

Accordingly, it is hereby,

**ORDERED** that Defendant Matthew B. Proman's Motion to Strike Report and Preclude Testimony of Plaintiffs' Expert Sameer Somal at Trial [DE 202] is **GRANTED in part and DENIED in part**, as set forth herein.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 19th day of January, 2023.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record