**THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-cv-81755-SMITH**

**ADAM M. LUDWIN, ESQ.,**
**LUDWIN LAW GROUP, P.A.**
**and JOANNA ZEITLIN,**

      **Plaintiffs,**

**v.**

**MATTHEW B. PROMAN aka**
**"MATT" PROMAN,**

      **Defendant.**

_____/

**PLAINTIFFS' AMENDED PROPOSED PUNITIVE DAMAGES INSTRUCTION AND**
**PUNITIVE DAMAGES VERDICT FORM**

      Plaintiffs, through counsel file this proposed jury instruction and verdict form in the above entitled matter regarding punitive damages.

                                   Respectfully submitted,

                                   Robert C. Buschel, Esq.
                                   BUSCHEL GIBBONS, P.A.
                                   501 E. Las Olas Blvd., Third Floor
                                   Fort Lauderdale, Florida  33301
                                   Tele:  (954) 530-5748 (direct)
                                   Email: Buschel@BGlaw-pa.com

                     By:   /s/ Robert C. Buschel_____
                            ROBERT C. BUSCHEL
                            Florida Bar No. 0063436

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2023, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to the Parties and all interested parties receiving notices via CM/ECF.

BUSCHEL GIBBONS, P.A.

BY: /s/ Robert Buschel_____
ROBERT C. BUSCHEL

## PUNITIVE DAMAGES

If you find for a Plaintiff and against Defendant, there is an additional claim in this case that you must decide. You must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Defendant and as a deterrent to others.

Plaintiffs claim that punitive damages should be awarded against Defendant for his decision to publish the statements at issue; his tortious interference with Plaintiff Ludwin and Plaintiff Ludwin Law Group; and, outrageous conduct causing emotional distress against all Plaintiffs. Punitive damages may be awarded against Defendant if you find by clear and convincing evidence that at the time he decided to publish the statement at issue, Defendant knew that statement was false or had serious doubts as to that statement's truth; and if clear and convincing evidence shows that Defendant's primary purpose in publishing the statement at issue was to indulge ill will, hostility, and an intent to harm the Plaintiffs. Under those circumstances you may, in your discretion, award punitive damages against Defendant.

You may in your discretion decline to assess any punitive damages.

If you decide that punitive damages are warranted against Defendant, and you decide to exercise your discretion to award punitive damages against him, then you must decide the amount of punitive damages, if any, to be assessed as a punishment to that defendant and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:

(1) the nature, extent and degree of misconduct and the related circumstances, including the following:

(a) whether the wrongful conduct was motivated solely by unreasonable financial gain;

(b) whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Defendant; (c) whether, at the time he made the decision to publish the statement at issue, Defendant had a specific intent to harm the Plaintiffs and the conduct of Defendant did in fact harm the Plaintiffs; and

(2) the financial resources of Defendant.

However, you may not award an amount that would financially destroy Defendant.


Authority: Florida pattern instruction 503.2 (modified); Hunt v. Liberty Lobby, 720 F.2d 631, 650- 51 & n.36 (11th Cir. 1983); Silvester v. Am. Broad. Cos., Inc., 839 F.2d 1491, 1498 (11th Cir. 1988).

Florida   permits punitive damages for   a tortious interference claim. *See,   e.g.*, *Imperial Majesty Cruise Line, LLC v. Weitnauer Duty Free, Inc.*, 987 So. 2d 706, 708 (Fla. 4th DCA 2008)   (noting   the   Florida   standard   for punitive damages for   the   intentional   tort of tortious interference.)


Punitive damages are awarded in the jury's discretion "to punish [the defendant] for his outrageous conduct and to deter him and others like him from similar conduct in the future." Restatement (Second) of Torts § 908(1) (1977). The focus is on the character of the tortfeasor's conduct—whether it is of the sort that calls for deterrence and punishment over and above that provided by compensatory awards. *Smith v. Wade*, 461 U.S. 30, 54 (1983).

*Johnson v. Wander*, 592 So. 2d 1225, 1226 (Fla. 3d DCA 1992)

### FORM 3(b). MODEL FORM OF VERDICT FOR NON-BIFURCATED PUNITIVE DAMAGE CASES

*(2). Causes of action arising on or after October 1, 1999:*

**Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damages are warranted against:**

Defendant Matthew Proman    **Yes** _____    **No** _____

Punitive damages awarded to Plaintiff Adam Ludwin in the amount of:

$_____

Punitive damages awarded to Plaintiff Ludwin Law Group, P.A. in the amount of:

$_____

Punitive damages awarded to Plaintiff Joanna Zeitlin, in the amount of:

$_____

**If you elect not to assess punitive damages against the defendant, you should enter a zero (0) as the amount of damages. If you elect not to assess damages against the defendant, then you should skip the remaining questions and sign and date the verdict form.**

**[If you have elected not to assess punitive damages against** (defendant) **then you should skip the remaining questions and sign and date the verdict form. If, however, you have elected to assess punitive damages against** (defendant)**, the law requires you to answer the following questions:]**

**At the time of [loss] [injury] [or] [damage] to** (claimant)**, did [**(defendant)**] [**the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant**] have a specific intent to harm** (claimant) **and did the conduct of [**(defendant)**] [**the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant**] in fact harm** (claimant)**?**

(defendant) Matthew Proman    **Yes** _____    **No** _____

~~**[**(the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant)**]**~~

_____    **Yes** _____    **No** _____

**[Was the wrongful conduct of [**(defendant)**]** ~~[the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant]~~ **motivated solely by unreasonable financial gain and was the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, actually known by [**(defendant)**]** [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant**]?**

(defendant) Matthew Proman   **Yes** _____   **No** _____

~~**[**(the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant)**]**~~

**Yes** _____   **No** _____

NOTE ON USE FOR FORM 3(b)

In punitive damages cases, the jury is required to apply a clear and convincing standard to determine liability and a greater weight of the evidence standard to determine the amount of damages. In order to minimize jury confusion, the relevant burden of proof is specified for these questions. The committee does not recommend that the burden of proof be stated on the verdict form in other types of cases not involving this unique situation.