**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-cv-81755-SMITH/MATTHEWMAN**

ADAM M. LUDWIN, *et al.*,

      Plaintiffs,

vs.

MATTHEW B. PROMAN,

      Defendant.

_____/

**DEFENDANT'S REQUEST FOR PRETRIAL RULING**
**FOLLOWING EXHIBIT MEET-AND-CONFER CONFERENCE**

Pursuant to the Court's guidance at Calendar Call (*see* [ECF No. 258]), Defendant Matthew Proman submits this request for a pretrial ruling on Mr. Proman's objections to certain exhibits contained in Plaintiffs' submitted exhibit list (*see* [ECF No. 255]). The parties held a meet-and-confer conference on January 25 to discuss admissibility and objections to the parties' exhibit lists. The parties were able to reach an agreement on the admissibility of many but not all of the exhibits. The parties were unable to reach an agreement on the following exhibits:[1]

***Exhibits 61, 62, and 63 – Deposition***. Following the parties' meet-and-confer conference, Plaintiffs intend to introduce the deposition transcript, video deposition, and deposition exhibits of David Babcock. Plaintiffs should not be permitted to use these exhibits for three principal reasons.

*First*, Plaintiffs did not, and still have not, designated any depositions for trial. *See* [ECF No. 235] ("depositions designations . . . shall be filed by **12/27/2022**"). It is undisputed that Plaintiffs did not meet that deadline, seek an extension of that deadline, or meet and confer on

---

[1] Mr. Proman will continue, in good faith, to attempt to resolve these objections prior to trial on January 30, 2023.

designations by that deadline. To date, Plaintiffs have yet to designate any depositions for trial.

*Second*, Rule 32 of the Federal Rules of Civil Procedure precludes the use of David Babcock's deposition at trial. More particularly, Rule 32, which governs the use of depositions at trial, reads in relevant part: "At a hearing or trial, all or part of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it[.]" Fed. R. Civ. P. 32(a)(1)(A). All conditions set forth in Rule 32(a)(1)(A)-(C) must be satisfied for a deposition to be used at trial. As to "Reasonable Notice of Taking Depositions," Local Rule 26.1(h) states: a "party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action[.]" *Id.* Importantly, the "[f]ailure to comply with this rule obviates the need for protective order." *Id.*

Here, the conditions required under Rule 32(a)(1)(A) cannot be satisfied. Plaintiffs' notice of deposition was sent to Mr. Proman on February 21, 2022, at 4:25 p.m., and set a deposition date of February 23, 2022. *See* [ECF No. 181] 1-2 (Plaintiffs admitting to this timeline). As Mr. Babcock was in California, Local Rule 26.1(h) requires that his deposition be noticed at least *fourteen* days before it took place. The instant notice, however, gave less than *two* days. The notice was unreasonable and improper, and a protective order was unnecessary. *See* S.D. Fla. L.R. 26.1(h). Mr. Proman (1) did not receive reasonable notice of the deposition; and (2) was neither present nor represented at the February 23, 2022 deposition.[2] Federal courts routinely exclude the

---

[2] Presumably, Plaintiffs will say Mr. Proman should have re-noticed the deposition due to Plaintiffs' failure to give timely notice. Plaintiffs, however, cannot shirk their burden. It is Plaintiffs, not Mr. Proman, who intend to use this deposition at trial and thus it is Plaintiffs, not Mr. Proman, who must comply with all conditions of Rule 32(a)(1). Equally troubling, Plaintiffs had until May 13, 2022 to comply with Rule 32—months after the February 23, 2022 deposition. *See* [ECF No. 174] 1 (setting discovery deadline of May 13, 2022). They elected not to do so

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ www.GSGPA.COM

use of depositions at trial where the first condition of Rule 32(a)(1) is not satisfied—*i.e.*, where the party against whom the testimony is offered was not present or provided reasonable notice of the deposition. *See Essex Ins. Co. v. Mercedes Zota*, No. 04-60619-Civ, Order [ECF No. 224], at *3-5 (S.D. Fla. Feb 5, 2009) (striking deposition where party was not present, nor did it have reasonable notice of deposition); *Mid-W. Nat'l Life Ins. Co. of Tenn. v. Breton*, 199 F.R.D. 369, 371 (N.D. Fla. 2001) (precluding plaintiff from introducing deposition testimony against the defendant where the defendant was not present or represented and did not receive proper notice of the deposition under Rule 32(a)(1)(A)).

*Third*, David Babcock's deposition testimony includes multiple references to "other stalking offenses . . . in other cases against non-parties" that this Court deemed inadmissible in its *in limine* ruling. *See* Jan. 20, 2023 Order [ECF No. 253] 1. Plaintiffs' insistence on entering into evidence the entirety of David Babcock's deposition testimony is simply a back-door attempt to introduce evidence that this Court already deemed inadmissible. *See id.*

All of these independent reasons require the exclusion of Exhibits 61, 62, and 63 at trial.

***Exhibits 2, 6, 13, 14, 27, 45, 46, 47, 72, 73, 74, 76, 77, 108, & 120 – Hearsay***. These exhibits essentially consist of out-of-court statements by Mr. Ludwin or non-parties that will be offered for the truth of the matters asserted within the underlying emails, reports, and text messages. None of these exhibits falls into any hearsay exception. Take, for instance, Exhibit 45, which includes 45 pages of emails between Mr. Ludwin and non-parties. These emails allegedly reflect communications regarding Plaintiffs' "attempt[s] to remove defamatory posts," and Plaintiffs intend to use it for that specific purpose—*i.e.*, to prove the truth that his emails reflect

despite being put on notice of their failure to comply with Rule 32(a)(1)(A).

3

Plaintiffs' attempts at removal. [ECF No. 255] at 5. There are allegations and statements by Plaintiff Ludwin, however, that Plaintiffs would be using to prove the truth of the matter asserted. Accordingly, the exhibits constitute hearsay and should be excluded. The same is true for the remaining exhibits. Accordingly, all of these exhibits should be excluded as inadmissible hearsay. *See* Fed. R. Evid. 801, 802.

*Exhibits 43, 44, & 49*. The Court's *in limine* Order (*see* [ECF No. 253]) clearly states: "Defendant's other stalking offenses in other cases against non-parties is inadmissible." *Id.* 1. Plaintiffs, however, seek to introduce exhibits that violate the Court's Order and would be unfairly prejudicial to Mr. Proman. *See* [ECF No. 255] 5 (Exhibit 43 – evidence of alleged stalking/defamation offense against non-parties); *id.* (Exhibit 44 – same); *id.* (Exhibit 49[3] – alleged defamation of a non-party). This Court has already ruled that there would be no evidence on these issues. As such, Plaintiffs are barred from introducing Exhibits 43, 44, and 49.

*Exhibits 50, 51, 52, 53, 54, 55, 56, 57, 80, & 113*. These exhibits are intended to show Mr. Proman's economic position; yet, the exhibits contain pictures of Mr. Proman's personal property, including his shoes and automobiles throughout the years, and Mr. Proman's relationships with non-parties. Mr. Proman acknowledges that "financial worth discovery . . . is only a small component of this case" (*see* [ECF No. 184]); and he is willing to agree to the introduction of his bank account records and other tax related records (*see* [ECF No. 255] – Exs. 100, 115) (combining the cover pages of numerous financial records)). Mr. Proman, however, objects to the

---

[3] Curiously, Plaintiffs' Exhibit 49 is a substantive filing in the underlying admiralty matter, which Plaintiffs represented to the Court as a "side show" (*see* [ECF No. 236] 8), and sought to prevent Mr. Proman from introducing similar evidence. The Court's *in limine* ruling relating to the underlying admiralty matter also precludes the introduction of this evidence. *See* [ECF No. 253] 2.

GELBER SCHACHTER & GREENBERG, P.A.
ONE SOUTHEAST THIRD AVENUE ▪ SUITE 2600 ▪ MIAMI, FLORIDA 33131 ▪ www.gsgpa.com

inflammatory evidence purportedly showing his personal property and relationships with non-parties. The proposed evidence does not prove Mr. Proman's financial worth. The evidence, if admitted, would serve only to give the jury a skewed and unbalanced view of Mr. Proman's lifestyle and distract the jury from the real issues in the case. The evidence is simply not relevant to Mr. Proman's current financial worth or the limited claim for punitive damages. The Court should therefore limit financial worth evidence solely to Mr. Proman's personal financial records (*e.g.*, Exs. 100 and 115, which Mr. Proman admits is admissible).

Dated: January 27, 2023                    Respectfully Submitted,

                                           */s/ Andrew T. Figueroa*
                                           DANIEL S. GELBER
                                           Florida Bar No. 512877
                                           dan@gsgpa.com
                                           GERALD E. GREENBERG
                                           Florida Bar No. 440094
                                           ggreenberg@gsgpa.com
                                           BARBARA R. LLANES
                                           Florida Bar No. 1032727
                                           bllanes@gsgpa.com
                                           ANDREW T. FIGUEROA
                                           Florida Bar No. 1002745
                                           afigueroa@gsgpa.com
                                           GELBER SCHACHTER & GREENBERG, P.A.
                                           SunTrust International Center
                                           One Southeast Third Avenue, Suite 2600
                                           Miami, Florida 33131
                                           Telephone: (305) 728-0950
                                           E-service: efilings@gsgpa.com

                                           *Counsel for Defendant Matthew Proman*